# UNITED STATES *v.* KISSEL AND HÄRNED.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 390. Argued November 10, 11, 1910.—Decided December 12, 1910.

Under the Criminal Appeals Act of March 2, 1907, c. 2564, 34 Stat. 1246, when the indictment is quashed this court is confined to a consideration of the grounds of decision mentioned in such statute, *United States* v. *Keitel,* 211 U. S. 370, and there is a similar limit when the case comes up from a judgment sustaining a special plea in bar.

Although mere continuance of result of a crime does not continue the crime itself, if such continuance of result depends upon continuous coöperation of the conspirators, the conspiracy continues until the time of its abandonment or success.

A conspiracy in restraint of trade is more than a contract in restraint of trade; the latter is instantaneous, but the former is a partnership in criminal purposes and as such may have continuance in time; and so held in regard to a conspiracy made criminal by the Anti-trust Act of July 2, 1890.

Whether the indictment in this case charges a continuing conspiracy with technical sufficiency is not before the court on the appeal taken under the Criminal Appeals Act of March 2, 1907, from a judgment sustaining special pleas of limitation in bar.

Allegations in the indictment consistent with other facts alleged that a conspiracy continued until the date of filing must be denied under the general issue and cannot be met by special plea in bar.

This court, having on an appeal under the Criminal Appeals Act of March 2, 1907, held that allegations as to continuance of a conspiracy cannot be met by special plea in bar, all defenses, including that of limitations by the ending of the conspiracy more than three

years before the finding of the indictment, will be open under the general issue and unaffected by this decision.
173 Fed. Rep. 823, reversed.

THE facts are stated in the opinion.

*Mr. Assistant Attorney General Fowler* for the United States. A brief which had been prepared by the late *Mr. Solicitor General Bowers* was filed for the United States.

*Mr. Leavitt J. Hunt* and *Mr. Geo. W. Betts, Jr.*, filed a brief for defendant in error, Harned. *Mr. Joseph H. Choate* and *Mr. William D. Guthrie*, with whom *Mr. Howard S. Gans* and *Mr. William C. Osborn* were on the brief, for the defendant, Kissel, in error:

Conspiracy is a non-continuous crime, and an indictment which charges its commission on a date barred by the statute of limitations charges an outlawed offense and is not saved by an allegation of continuance within the limitation. *United States* v. *Irvine*, 98 U. S. 450.

Where an indictment charges a crime which is not essentially continuous with a *continuando*, the *continuando* may be disregarded and the indictment treated as charging no more than the commission of the offense on the first day. Wharton's Crim. Pl. & Pr., 9th ed., § 125; 1 Bishop's New Crim. Proc., § 388; Starkey's Crim. Pl., 1st Am. ed., 60, 61; *King* v. *Dixon,* 10 Mod. 335, 337; *United States* v. *La Coste*, 2 Mason, 129; *People* v. *Adams*, 17 Wend. 475, 476; *Wells* v. *Commonwealth*, 12 Gray, 326; *State* v. *Nichols,* 58 N. H. 41; *Cook* v. *State*, 11 Georgia, 53, 56; *State* v. *Briggs*, 68 Iowa, 416; *State* v. *Thompson*, 31 Utah, 228; *State* v. *Jasper*, 15 N. Car. 323.

At common law and under the Sherman Act, the offense of conspiracy is complete; the crime is actually committed when the design or intent is followed by the

act of agreeing or confederating; it is the bare act of agreeing alone that constitutes the crime. Archibold's Crim. Pl., 22d ed., 1209; 2 Bishop's New Crim. Law, §§ 171; *United States* v. *Hirsch*, 100 U. S. 33; *United States* v. *Britton*, 108 U. S. 199, 204; and see *Pettibone* v. *United States*, 148 U. S. 197, 202; *Dealy* v. *United States*, 152 U. S. 539, 547; *Bannon* v. *United States*, 156 · U. S. 464, 468; *Williams* v. *United States*, 207 U. S. 425, 447; *United States* v. *Donau*, 11 Blatchf. 168; *State* v. *Buchanan*, 5 H. & J. (Md.) 317, 355; *People* v. *Mather*, 4 Wend. 229, 264; *O'Connell* v. *The Queen*, 11 C. & F. 155, 233; *Mulcahy* v. *Reg.*, L. R. 3 H. L. Cas. 306, 317; *Commonwealth* v. *Judd*, 2 Massachusetts, 329, 337; *People* v. *Flack*, 125 N. Y. 324, 332.

But many crimes, which are non-continuous, are by their nature subject to renewal, and in such case, each renewal of the act constituting the gravamen of the offense constitutes a new crime. It is the nature of the act constituting the offense that determines its continuous or non-continuous nature. *State* v. *Poyner*, 134 N. Car. 609; Wharton's Crim. Law, 10th ed., § 27; *State* v. *Prescott*, 33 N. H. 212, 214; *State* v. *Thompson*, 31 Utah, 228, 231; *State* v. *Briggs*, 68 Iowa, 416, 419; *Matter of Neilsen*, 131 U. S. 176; *In re Snow*, 120 U. S. 274; *Gise* v. *Commonwealth*, 31 P. F. Smith (Pa.), 428; *Cook* v. *State*, 11 Georgia, 53, 56; *People* v. *Flatherty*, 162 N. Y. 532, 538. ·

The results which flow from conspiracy, *i. e.*, the acts done in pursuance of it, form no part of the offense; but a compact which does not contain within itself all the elements of wrong will not be rendered indictable by the criminality of acts done in furtherance of it. *United States* v. *Britton*, 108 U. S. 199; *McKenna* v. *United States*, 127 Fed. Rep. 88; *Salla* v. *United States*, 104 Fed. Rep. 544; *Conrad* v. *United States*, 127 Fed. Rep. 798.

Acts done in pursuance of a conspiracy, and in furtherance of it, are so far from being a part of the offense that

if criminal they constitute separate crimes, and a conviction or acquittal on either the conspiracy or the separate crime is no bar to a prosecution for the other offense. *Berkowitz* v. *United States*, 93 Fed. Rep. 452, 457; *Davis* v. *People*, 22 Colorado, 1, 3; *State* v. *Sias*, 17 N. H. 558; *Bailey* v. *State*, 42 Tex. Crim. Rep. 289, 291; *Whitford* v. *State*, 24 Tex. Ct. of App. Rep. 489, 493; *Wallace* v. *State*, 41 Florida, 547, 557; *Wilcox* v. *United States*, 103 S. W. Rep. 774, 776; *Matter of Neilsen*, 131 U. S. 176, 186.

A conspiracy is a renewable offense, and it is renewed whenever two or more persons animated by a corrupt intent consciously participate in any act in furtherance of that intent. While those who enter upon a conspiracy may secure immunity for their criminal acts after a lapse of three years if they do nothing further within the three years, those who persist in their original purpose and seek by coöperative action to carry it into effect incur a liability each time they commit the offense of conspiring. The Government's theory that conspiracy is a continuous crime, would have every incentive to cause the conspirator who had once embarked to continue in his criminal course and not to desist or abstain therefrom. *Matter of Neilsen*, 131 U. S. 176; *In re Snow*, 120 U. S. 274.

That the offense is renewable and not continuing, see *Ware* v. *United States*, 154 Fed. Rep. 577; *S. C.*, 207 U. S. 588; *United States* v. *Jones*, 162 Fed. Rep. 417; *Jones* v. *United States*, 179 Fed. Rep. 584, 610; *United States* v. *Biggs*, 157 Fed. Rep. 264; *United States* v. *Bradford*, 148 Fed. Rep. 413; *S. C.*, 152 Fed. Rep. 616; *United States* v. *Greene*, 115 Fed. Rep. 343, 349, 350; *S. C.*, 154 Fed. Rep. 401; *Lorenz* v. *United States*, 24 App. D. C. 337, 387; *S. C.*, 196 U. S. 640; *Arnold* v. *Weil*, 157 Fed. Rep. 429, 430; *Ex parte Black*, 147 Fed. Rep. 832, 838; *S. C.*, 160 Fed. Rep. 431; *United States* v. *Greene*, 100 Fed. Rep. 941, 946; *United States* v. *Barber*, 157 Fed. Rep. 889, 890; *United States* v. *Trans-Missouri Freight Assn.*, 166 U. S.

290, and *United States* v. *McAndrews & Forbes Co.*, 149 Fed. Rep. 823, are not incompatible with this view. *Northern Securities Co.* v. *United States*, 193 U. S. 197, and *Loewe* v. *Lawlor*, 208 U. S. 274, do not sustain the proposition that parties can render themselves liable to be punished criminally under the Sherman Act without doing any act whatever. And see *People* v. *Mather*, 4 Wend. 229; *Ochs* v. *The People*, 25 Ill. App. 379; aff'd 124 Illinois, 399; *Noyes* v. *State*, 41 N. J. L. 418; *Commonwealth* v. *Bartilson*, 85 Pa. St. 482, 486.

In the light of these authorities, it is submitted that the sound doctrine is that the crime of conspiracy is not an essentially continuous offense, but that it is subject to renewal and that the renewal may be evidenced by the conscious participation of any of the conspirators in acts done for the purpose of effecting the object of the original conspiracy.

*Mr. Joseph H. Choate, Mr. DeLancy Nicoll, Mr. John M. Bowers* and *Mr. John D. Lindsay* submitted a brief by leave of the court on behalf of certain parties joined with defendants in error in this prosecution.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error brought by the United States to reverse a judgment of the Circuit Court sustaining pleas in bar pleaded to an indictment by the defendants in error. 173 Fed. Rep. 823. The first count of the indictment alleges that the defendants in error and others named, on December 30, 1903, and from that day until the day of presenting the indictment (July 1, 1909), have engaged in an unlawful conspiracy in restraint of trade in refined sugar among the several States of the Union, that is to say, to eliminate free competition and prevent all competition with the American Sugar Refining Company,

one of the defendants, by a would-be competitor, the Pennsylvania Sugar Refining Company. It then sets forth, at length, the means by which the alleged purpose was to be accomplished, and what are put forward as overt acts done in pursuance of the plan. In other counts, referring to the first, the defendants are alleged to have conspired to monopolize the trade in refined sugar among the States. They are similar counts as to the trade in raw sugar and molasses, and as to trade with foreign nations. The offenses aimed at, of course, are the conspiracies punished by the act of July 2, 1890, c. 647, 26 Stat. 209, commonly known as the Sherman Act.

There are other counts in the indictment, but the argument was devoted mainly to these. The defendants severally pleaded to all of them the limitation of three years fixed by Rev. Stat., § 1044, alleging that for more than three years before the finding of the indictment on July 1, 1909, they did not engage in, or do any act in aid of, such conspiracies. The defendant Kissel added averments that all the overt acts alleged to have been done within three years before July 1, 1906, were done without his participation, consent or knowledge. He also pleaded that since October 6, 1906, the Pennsylvania Sugar Refining Company had been in the hands of a duly appointed receiver.

We deem it unnecessary to state the pleadings with more particularity, because the only question before us under the act of March 2, 1907, c. 2564, 34 Stat. 1246, is whether the plea in bar can be sustained. That this court is confined to a consideration of the grounds of decision mentioned in the statute when an indictment is quashed was decided in *United States* v. *Keitel,* 211 U. S. 370, 399. We think that there is a similar limit when the case comes up under the other clause of the act, from a "judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy." This being so, we are not concerned with the technical sufficiency or redundancy of the

indictment, or even, in the view that we presently shall
express, with any consideration of the nature of the overt
acts alleged. The indictment charges a conspiracy be-
ginning in 1903, but continuing down to the date of filing.
It pretty nearly was conceded that if a conspiracy of this
kind can be continuous, then the pleas in bar are bad.
Therefore we first will consider whether a conspiracy can
have continuance in time.

. The defendants argue that a conspiracy is a completed
crime as soon as formed, that it is simply a case of un-
lawful agreement, and that therefore the *continuando* may
be disregarded and a plea is proper to show that the stat-
ute of limitations has run. Subsequent acts in pursuance
of the agreement may renew the conspiracy or be evi-
dence of a renewal, but do not change the nature of the
original offense. So also, it is said, the fact that an un-
lawful contract contemplates future acts or that the re-
sults of a successful conspiracy endure to a much later date
does not affect the character of the crime.

The argument, so far as the premises are true, does not
suffice to prove that a conspiracy, although it exists as
soon as the agreement is made, may not continue beyond
the moment of making it. It is true that the unlawful
agreement satisfies the definition of the crime, but it does
not exhaust it. It also is true, of course, that the mere
continuance of the result of a crime does not continue the
crime. *United States* v. *Irvine,* 98 U. S. 450. But when
the plot contemplates bringing to pass a continuous result
that will not continue without the continuous coöperation
of the conspirators to keep it up, and there is such con-
tinuous coöperation, it is a perversion of natural thought
and of natural language to call such continuous coöper-
ation a cinematographic series of distinct conspiracies,
rather than to call it a single one. Take the present case.
A conspiracy to restrain or monopolize trade by improp-
erly excluding a competitor from business contemplates

that the conspirators will remain in business and will continue their combined efforts to drive the competitor out until they succeed. If they do continue such efforts in pursuance of the plan the conspiracy continues up to the time of abandonment or success. A conspiracy in restraint of trade is different from and more than a contract in restraint of trade. A conspiracy is constituted by an agreement, it is true, but it is the result of the agreement, rather than the agreement itself, just as a partnership, although constituted by a contract, is not the contract but is a result of it. The contract is instantaneous, the partnership may endure as one and the same partnership for years. A conspiracy is a partnership in criminal purposes. That as such it may have continuation in time is shown by the rule that an overt act of one partner may be the act of all without any new agreement specifically directed to that act.

The means contemplated for the exclusion of the Pennsylvania Sugar Refining Company were the making of a large loan by the American Sugar Refining Company through Kissel to one Segal and the receiving from him of more than half the stock of the Pennsylvania Company with a power of attorney to vote upon it, Segal not knowing that the American Company was behind Kissel. The loan was to be for a year, but the American Company was to use the power of voting to prevent the Pennsylvania Company from going on with its business, and, as Segal was dependent largely upon the returns from that company for means of repaying the loan, he was to be prevented from repaying it and the control of the Pennsylvania Company retained until it should be ruined and finally driven from business. It is alleged that the loan was made and that a vote was passed that the Pennsylvania Company refrain from business until further order of the board of directors. Now of course it well may be that the object was so far accomplished by this vote that

the conspiracy was at an end; but a vote upon pledged stock that might be redeemed was not necessarily lasting, and further action might be necessary to reach the desired result. The allegation that the conspiracy continued down to the date of the indictment is not contradicted by the vote. Furthermore, as we have said, the only question here is whether the plea of the statute of limitations is good.

Taking it that the conspiracies made criminal by the act of July 2, 1890, may have continuance, we are of opinion that the pleas are bad. To be sure, it still might be argued that the general rule that time need not be proved as laid applies to continuing offenses, that therefore the allegation in the indictment, so far as it specifies the time in which the conspiracy was maintained, is immaterial, and that a plea traversing only that is, in substance, a plea in confession and avoidance and good. Whether in a charge of a continuing offense even such specific earmarks of time as those in this indictment make it enter into the essence of the offense we shall not discuss. Time is held to be of the essence in Massachusetts and some other States; Commonwealth v. Pray, 13 Pick. 359, 364; Commonwealth v. Briggs, 11 Met. 573; State v. Small, 80 Maine, 452; Fleming v. State, 28 Tex. App. 234; while this has been thought to be a local peculiarity, and the contrary has been decided elsewhere. State v. Reno, 41 Kansas, 674, 682, 683. State v. Arnold, 98 Iowa, 253. Bishop, New Criminal Procedure, §§ 397, 402. However this may be, if the plea of the statute of limitations is good where it confesses and avoids all that the indictment avers, still, as was pointed out in an able brief by the late lamented Solicitor General, it is open to too many objections and difficulties to be encouraged or allowed except in clear cases. Apart from technical rules the averments of time in the indictment are expected and intended to be proved as laid. The overt acts relied upon coming down

to within three years of the indictment are alleged to have
been done in pursuance of the conspiracy, and the pleas
must be taken to deny that allegation, unless they rely
upon the supposed impossibility of the acts having the
character alleged. It is only by an artificial rule, if at all,
that the plea can be treated as not traversing the indict-
ment, and we are not prepared to give that supposed rule
such an effect.

The discussion at the bar took a wider range than is
open at this stage. It hardly is necessary to explain that
we have nothing to say as to what evidence would be suffi-
cient to prove the continuation of the conspiracy, or where
the burden of pleading or proof as to abandonment would
be. We deal only with a naked and highly technical ques-
tion, when once the possibility of continuation is estab-
lished, and as to that we cannot bring ourselves to doubt.

To sum up and repeat. The indictment charges a con-
tinuing conspiracy. Whether it does so with technical
sufficiency is not before us. All that we decide is that a
conspiracy may have continuance in time, and that where,
as here, the indictment, consistently with the other facts,
alleges that it did so continue to the date of filing, that
allegation must be denied under the general issue and not
by a special plea. Under the general issue all defenses,
including the defense that the conspiracy was ended by
success, abandonment, or otherwise more than three years
before July 1, 1906, will be open and unaffected by what
we now decide.

*Judgment reversed.*