UNITED STATES v. FORD et al.

Nos. 7253, 7254.

District Court, M. D. Pennsylvania.

June 1, 1932.

1030

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

A. A. Vosburg, of Scranton, Pa., John H. Bigelow, of Hazleton, Pa., Leo White, of Pittston, Pa., and Thos. D. Caldwell, of Harrisburg, Pa., for defendants.

JOHNSON, District Judge.

The defendants have moved to quash the indictments and have assigned eleven reasons in support of their motions.

On December 9, 1931, the grand jury returned two indictments. The first, No. 7253, charges James T. Ford, alias Thomas J. O'Dowd, together with fifteen other defendants, with conspiracy to violate section 32 of the Criminal Code of the United States (18 USCA § 76) by falsely assuming and pretending to be an employee acting under the authority of the United States, with intent to defraud certain persons, and did obtain from certain persons various sums of money by reason of such personations. The second indictment, No. 7254, charges James T. Ford, alias Thomas J. O'Dowd, together with forty-eight other defendants, with conspiracy to violate the National Prohibition Act.

The indictments charge that James T. Ford, under the alias of Thomas J. O'Dowd, pretended to be an employee of the United States government, and in consideration of various sums of money promised to furnish certain other defendants, who were engaged in the unlawful traffic of intoxicating beverages, with protection from arrest and with advance information of any proposed raids by the federal agents and also promised to intercede with federal judges in behalf of such persons as might be arrested for a violation of the National Prohibition Act (27 USCA).

The remaining defendants, some of whom were federal and state officials, are charged with furnishing the defendant Ford with the names of persons so situated that they might reasonably be expected to pay money to Ford for the protection he pretended to give, and assisting in establishing his fictitious position with the United States government.

The overt acts are charged in the indictment with having been committed at various times by various defendants and within and without the Middle District of Pennsylvania.

The first reason assigned by the defendants in support of their motion to quash the indictments states that the indictments charge no crime against the United States. A reading of the indictments clearly shows that the crime of conspiracy to violate the National Prohibition Act and conspiracy to violate section 32 of the Criminal Code of the United States are charged in the respective indictments and a further discussion of the first reason is unnecessary.

In the second reason the defendants contend that a conspiracy must have its origin in one place and that the indictments allege a conspiracy occurring in different places. In the case of Marcante et al. v. United States (C. C. A.) 49 F.(2d) 156, the facts are similar to the case at bar and a similar objection was there raised to the indictments. McDermott, Circuit Judge, delivering the opinion of the court, said: "The trial court overruled a demurrer to the indictment, and this ruling is assigned as error. The trial court was right. There is no doubt that there can be a conspiracy to violate liquor laws in a dozen different localities; such a conspiracy may be a continuing one; actors may drop out, and others drop in; the details of operation may change from time to time; the members need not know each other, or the part played by others; a member need not know all the details of the plan or the operations; he must, however, know the purpose of the conspiracy and agree to become a party to a plan to effectuate that purpose. A conspiracy is bottomed on an agreement to accomplish an illegal act, and without such agreement there can be no conspiracy; a conspiracy 'is a partnership in criminal purposes.' United States v. Kissel, 218 U. S. 601, 31 S. Ct. 124, 126, 54 L. Ed. 1168; Brown v. Elliott, 225 U. S. 392, 32 S. Ct. 812, 56 L. Ed. 1136; McDonnell v. United States (C. C. A. 1) 19 F.(2d) 801; Allen v. United

States (C. C. A. 7) 4 F.(2d) 688; Rudner v. United States (C. C. A. 6) 281 F. 516."

The third, fourth, and fifth reasons aver that the facts set forth in the indictments, do not charge a violation of any federal statute, although they may charge a violation of a state law. In the case of Allen et al. v. United States (C. C. A.) 4 F.(2d) 688, on page 692, the facts are also similar to this case, and the court there said: "The fact that other crimes and offenses may also have been within the contemplation of the operators cannot relieve the defendants of the offense here charged. For the objects of a conspiracy may be numerous. Some may even be innocent, but, if one of such objects be to commit an offense against the United States, the case falls within the condemnation of the statute. Taylor v. United States (C. C. A.) 2 F.(2d) 444. Where individuals agree or have a common understanding to grant to those selling intoxicating liquor immunity from prison sentence, the case is brought within the statute, for such immunity has for its real object the maintaining of common nuisances as defined by the Volstead Law [27 USCA], as well as the manufacturing, transportation, and sale of intoxicating liquors."

The sixth reason avers that since there was no, meeting of the minds of all the defendants with each other there can be no conspiracy. The seventh reason contends that since some of the defendants conspired with each other in one county and other defendants conspired in other counties, and that there is no connection shown between all the defendants and with each individual defendant, therefore there are several conspiracies charged in the one indictment. There is no merit to these reasons. The indictments show a general plan of conspiracy revolving around the defendant Ford, and while there may be independent overt acts, there is only one conspiracy charged in each indictment. All of the conspirators need not have conspired with each other and it is not necessary that they even know each other· or the part played by others in the furtherance of the conspiracy. Marcante et al. v. United States, supra.

The eighth, ninth, tenth and eleventh reasons charge that the indictments are duplicitous, vague, and that there is misjoinder of counts in the one indictment. Each indictment charges but one offense, conspiracy. Some of the defendants may be guilty of substantive crimes, but they are not charged with such substantive crimes in these indictments. The offenses charged clearly constitute crimes under the federal laws, and the motions to quash the indictments must be denied.

And now, June 1, 1932, the motions to quash the indictments are hereby refused.