## UNITED STATES v. JACKSON.

Cr. No. 18052.

United States District Court
E. D. South Carolina. Charleston Division.

Jan. 9, 1951.

Ben Scott Whaley, U. S. Atty., Louis M. Shimel, Asst. U. S. Atty., Charleston, S. C., for plaintiff.

Oscar Jackson, pro se.

WARING, Chief Judge.

The above named defendant was indicted together with four other persons, the charge being violation of the Conspiracy Statute. Title 18, U.S.C.A. § 371, formerly § 88. The indictment was found on September 29, 1949. It charged that the five defendants, including Jackson, had conspired among themselves and with divers other persons to violate Sections 2810, 2833, 2834, 2913, 3321, 2806, 2803, and 3253 of the Internal Revenue Code, 26 U.S.C.A. §§ 2810, 2833, 2834, 2913, 3321, 2806, 2803, 3253, of the United States by failure to register stills, carrying on a distilling business and various other acts forbidden by the named sections. And it is then further charged that such a conspiracy having been formed, various overt acts were committed in pursuance of the conspiracy and to effect the object thereof. These overt acts are alleged to have occurred on various dates, namely, in July 1948, on March 26, 1949, April 7, 1949, and on other unknown dates in April, 1949 and on April 22, 1949. The overt act wherein Jackson is particularly named is alleged to have occurred on April 7, 1949.

Four of the defendants, including Jackson, entered pleas of "not guilty" and went to trial on May 22, 1950. One defendant, namely, J. M. Varnadoe, was dismissed by the entry of a nolle prosequi by the United States Attorney on May 23, 1950.

The four defendants who went to trial, including Jackson, were represented by a competent attorney of the Charleston bar,

namely, Edward K. Pritchard, Esq., who has had wide experience in trial of criminal cases in this court.

The trial continued through the next day and resulted in a verdict on May 23, 1950 of "guilty" as to all four defendants being tried. Thereafter, on May 24, 1950, sentence was imposed. The sentence imposed on Oscar A. Jackson was that he be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of four years. This sentence was based upon the facts brought out in the trial of the case and also owing to the fact that he was shown to have a prior record for law breaking. Various prison sentences were imposed on the other three defendants.

Oscar Jackson has now filed, with this court, a motion to "correct illegal sentence". This is done under authority of Title 18, Section 2255 U.S.C.A. and Rule 35 of the Rules of Criminal Procedure, 18 U.S.C.A. It is alleged in this motion that the Court had no authority to impose sentence as long as four years and that the limit allowable was two years.

It is pointed out (and correctly) that there is only one offense charged in the indictment, namely, a conspiracy. And it is claimed by the defendant that the maximum prison term for violation of the Conspiracy Statute was two years. See Title 18 U.S.C.A. § 88. This section was amended and changed when the Criminal Code was revised and by Act of June 25, 1948, the new Criminal Code came into being. It was to become effective September 1, 1948. The indictment in this case was found on December 20, 1949 approximately one year after the date of the effect of the revision. However, the defendant further points out that the conspiracy is alleged in the indictment to have commenced on March 1, 1948. The indictment so states and alleges that the conspiracy continued until April 22, 1949.

It is well known that in a conspiracy charge, the offense is continuing and any acts performed at any time during its continuance are chargeable against the named defendants. Hyde v. U. S., 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114; Brown v. Elliott, 225 U.S. 392, 32 S.Ct. 812, 56 L.Ed. 1136; U. S. v. Kissel, 218 U.S. 601, 31 S.Ct. 124, 54 L.Ed. 1168; Hedderly v. U. S., 9 Cir., 193 F. 561; Pinkerton v. U. S., 5 Cir., 145 F.2d 252. In order to carry out the object of the conspiracy, the indictment alleges certain overt acts. One charge was a violation of law in July, 1948 which was after the adoption of the revision of the Criminal Code but before its effective date. The other four overt acts are all alleged to have occurred after the enactment and the effective date of the amended Code.

It, therefore, appears conclusive that certain of the offenses and, in fact, the major part of the offenses charged in the indictment occurred subsequent to the amendment of the Conspiracy Statute; and Jackson, having been convicted of violations of law occurring after the Statute was amended, the Court was warranted in imposing a sentence under Section 371 of Title 18. That section authorizes the imposition of a fine of not more than $10,000.00 or of imprisonment of not more than five years or both. It contains a proviso that if the object of the conspiracy is a misdemeanor only, the punishment shall not exceed the maximum punishment provided for such misdemeanor. This last named clause does not apply to the instant case since many of the offenses charged to have been the object of the conspiracy are felonies carrying long terms of imprisonment.

I am of the opinion that the motion is not well founded and that the Court was fully justified and warranted in imposing the sentence of four years imprisonment. For the foregoing reasons, it is

Ordered, that the motion to correct the sentence be and the same is hereby refused.