STATE OF NORTH CAROLINA v. TERRY INGLAND

No. 7112SC103

(Filed 31 March 1971)

1. Conspiracy § 5—conspiracy prosecution — acts and declarations of other conspirators — admissibility

   In a prosecution of defendant for conspiracy to murder, testimony relating to the acts and declarations of other conspirators during the existence of the conspiracy was properly admissible in evidence.

2. Conspiracy § 6— conspiracy to murder — sufficiency of evidence

   Issue of defendant's guilt of conspiracy to murder was properly submitted to the jury.

APPEAL from *McKinnon, Superior Court Judge,* 21 September 1970 Session, CUMBERLAND County Superior Court.

Defendant was charged in two bills of indictment with conspiracy to murder. At the close of the State's evidence, directed verdict for defendant was entered as to one charge. On the other the jury entered a verdict of guilty. Defendant appeals from the judgment entered on the verdict.

Richard Fortner, the alleged victim of the conspiracy, testified that Terry Ingland and James Ingland asked him to come to a house on Maiden Lane in the city of Fayetteville. Fortner injected himself with heroin and went to the house around midnight on 30 April 1970. Fortner named several people who were in the house on Maiden Lane. He then testified that one of them produced a shotgun and told him that he "was dead," that one held a knife and "turned it at him" and that another of the party also had a knife. The prosecuting witness then testified that he was questioned about being an informer on a group known as "the family." Following this, he was placed in a car and, with a knife at his ribs, taken to a wooded area outside Fayetteville and left with one of the alleged co-conspirators. He testified that he was tied up, with sharp stakes placed near his neck so that he could not move. He also said that one of the group told him that he would be killed before the others returned if he did not keep quiet. Defendant Terry Ingland was not present in the house on Maiden Lane, or in the automobile which took the prosecuting witness out to the wooded area where he was tied up.

*Attorney General Morgan by Staff Attorney Covington for the State.*

*Twelfth District Assistant Public Defender William S. Geimer for defendant appellant.*

MORRIS, Judge.

Defendant contends by his Exceptions Nos. 1, 2, 3 and 5, that the court erred in failing to sustain his objections to the testimony of the prosecuting witness about acts and declarations of other conspirators which acts and declarations were done and made out of his presence and without his knowledge. Defendant also contends that it was error on the part of the trial court not to grant his motion to strike the testimony in question.

Our Supreme Court has said in *State v. Conrad,* 275 N.C. 342, 168 S.E. 2d 39 (1969), that "each appellant contends evidence of the acts and declarations of the other defendants were introduced in evidence over his objection. Actually the court cautioned the jury to consider acts and declarations of one as evidence against him only, unless the other was actually present and participating. *Due to the nature of the charge, the limitation was more favorable to the defendants than they had any right to expect.* The charge is conspiracy—a partnership in crime. Generally an unlawful agreement is made in secret and known only to the guilty parties. They conceal and cover up their unlawful activities. The more reprehensible the objective, the more carefully they plan to prevent detection and exposure 'Even though the offense of conspiracy is complete upon the formation of the illegal agreement, the offense continues until the conspiracy is consummated or is abandoned.' *State v. Brewer,* 258 N.C. 533, 129 S.E. 2d 262; *United States v. Kissel,* 218 U.S. 601, 54 L. Ed. 1168." (Emphasis ours.)

In *State v. Gallimore,* 272 N.C. 528, 158 S.E. 2d 505 (1967), the Court said,

"After a conspiracy is formed, and before it has terminated, that is, while it is a 'going concern', the acts and declarations of each conspirator made in furtherance of the object of the conspiracy are admissible in evidence against all parties to the agreement, regardless of whether they are present or whether they had actual knowledge of the acts or declarations. *State v. Gibson,* 233 N.C. 691, 65 S.E. 2d

508; *State v. Smith,* 221 N.C. 400, 20 S.E. 2d 360; *State v. Jackson,* 82 N.C. 565."

" 'A declaration or act of one conspirator, to be admitted against his co-conspirators, must have been made when the conspiracy was still in existence and in progress.' 16 Am. Jur. 2d, Conspiracy, § 40, p. 148, citing many decisions." *State v. Conrad, supra.*

[1]   Here the evidence complained of was of acts or declarations committed or made by one or more of the conspirators while the conspiracy was a "going concern." The evidence was properly admitted for the consideration of the jury. These assignments of error are overruled.

[2]   Defendant also assigns as error the court's failure to grant his motion for a directed verdict as to the charge on which he was convicted. This assignment of error is without merit. The evidence required submission to the jury. Defendant's remaining assignment of error is directed to the court's failure to set the verdict aside and grant a new trial. This assignment is also overruled. Defendant has been given a fair and impartial trial free from prejudicial error.

No error.

Judges BROCK and VAUGHN concur.