United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued December 7, 2001 Decided March 22, 2002 

 Nos. 00-3123 and 00-3124

 In re: Sealed Case

 Appeals from the United States District Court 
 for the District of Columbia 
 (No. 96cr00106-01)
 (No. 97cr00093-01)

 Neil H. Jaffee, Assistant Federal Public Defender, argued 
the cause for the appellant. A.J. Kramer, Federal Public 
Defender, was on brief.

 Patricia A. Heffernan, Assistant United States Attorney, 
argued the cause for the appellee. Roscoe C. Howard, Jr., 
United States Attorney, and John R. Fisher, William J. 
O'Malley, Jr. and James H. Dinan, Assistant United States 
Attorneys, were on brief for the appellee.

 Before: Edwards, Henderson and Garland, Circuit 
Judges.

 Opinion for the Court filed by Circuit Judge Henderson.

 Karen LeCraft Henderson, Circuit Judge: This consoli-
dated appeal arises from two criminal proceedings involving 
the appellant. In Cr. No. 96-106-01, the appellant was 
convicted by a jury of possessing with intent to distribute 
cocaine base; in Cr. No. 97-93-01, he pleaded guilty to a drug 
conspiracy charge pursuant to a plea agreement. The two 
cases were consolidated for sentencing and appeal (Nos. 
00-3123 and 00-3124). On appeal, the appellant seeks to 
vacate his guilty plea in Cr. No. 97-93-01, claiming that the 
district court did not comply with Rule 11(c)(1) of the Federal 
Rules of Criminal Procedure. In particular, he contends that 
the district court failed to ensure that he understood the 
elements of the conspiracy charge to which he was pleading 
guilty. If the Rule 11 plea colloquy is deficient, the appellant 
further contends, the waiver provision of the plea agree-
ment--which would otherwise bar his appeal of the jury trial 
conviction in Cr. No. 96-106-01--is ineffective. His convic-
tion after trial should be reversed, he asserts, because (1) the 
district court gave a constitutionally deficient reasonable 
doubt instruction to the jury and (2) the prosecutor made 
several errors which cumulatively constitute "plain error." 
We conclude that the district court accepted the appellant's 
guilty plea in compliance with Rule 11 and, accordingly, 
affirm the appellant's convictions in both cases.

 I.

 On April 4, 1996 a one-count indictment was filed in Cr. No. 
96-106-01 charging the appellant with possessing with intent 
to distribute cocaine base, in violation of 21 U.S.C. 
ss 841(a)(1), (b)(1)(C). His jury trial began on October 16, 
1996 and the jury convicted him on October 21, 1996. Before 
sentencing, the appellant decided to cooperate with the gov-
ernment in an attempt to reduce his sentencing exposure. 
Subsequently, on March 4, 1997, the government filed in 
district court a one-count information, in Cr. No. 97-93-01, 
charging the appellant with conspiracy to distribute and to 
possess with intent to distribute one hundred kilograms or 
more of cannabis and five or more grams of cocaine base, in 
violation of 21 U.S.C. ss 841(a)(1), (b)(1)(B) and 846. The 

conspiracy, which was alleged to have begun in 1990 and 
continued until September 1996, included the offense conduct 
set forth in Cr. No. 96-106-01 as one of the overt acts in 
furtherance thereof. On the same day the information was 
filed, the appellant signed a plea agreement and entered a 
guilty plea to the information. According to the plea agree-
ment, he agreed to cooperate with the government in return 
for the government's promise to dismiss charges against him 
in two pending District of Columbia Superior Court cases 
and, depending on his level of cooperation, to file a "substan-
tial assistance" downward departure motion. United States 
Sentencing Commission, Guidelines Manual, s 5K1.1 (Nov. 
2001).

 The appellant failed to appear for sentencing in the consoli-
dated cases and a bench warrant was issued. After his arrest 
on the warrant and his counsel's withdrawal, his new lawyer 
filed a motion to withdraw the guilty plea on the ground of 
ineffective assistance of counsel. The district court held a 
hearing and on July 12, 2000 denied the motion. It sentenced 
the appellant to concurrent sentences of 151 months in each 
case and ordered him to serve supervised terms of release of 
three years in Cr. No. 96-106-01 and four years in Cr. No. 
97-93-01. The appellant filed a timely notice of appeal in 
each case and on June 28, 2001 this court granted his motion 
to consolidate.

 II.

 The appellant first asks this court to vacate his guilty plea 
on the ground that the district court accepted his plea in 
violation of Rule 11 of Federal Rules of Criminal Procedure. 
He contends that although the district court informed him of 
the charge, it failed to detail the elements of the crime of 
conspiracy and, consequently, did not ascertain that he under-
stood the nature of the charge to which he was pleading 
guilty. Accordingly, he argues that the guilty plea proceed-
ing did not comply with Fed. R. Crim. P. 11(c)(1) and his plea 
must be vacated. Ordinarily, if Rule 11 error occurs during a 
plea hearing, the government bears the burden of demon-

strating that the error was harmless. See Fed. R. Crim. P. 
11(h) ("[a]ny variance from the procedures required by this 
rule which does not affect substantial rights shall be disre-
garded"); see also United States v. Lyons, 53 F.3d 1321, 1322 
n.1 (D.C. Cir. 1995). If the defendant allows an alleged error 
to pass without objection, however, he then assumes the 
burden of meeting the more exacting plain error requirement 
of Rule 52(b), Fed. R. Crim. P. 52(b). See United States v. 
Vonn, 122 S. Ct. 1043, 1048 (2002). Because the appellant 
made no objection at the plea hearing, he has the burden to 
show that the district court's alleged Rule 11 violation impli-
cated "substantial rights" and that the error "seriously af-
fect[ed] the fairness, integrity or public reputation of judicial 
proceedings." See United States v. Olano, 507 U.S. 725, 734-
36 (1993).

 Entry of a guilty plea is governed by Rule 11, Fed. R. 
Crim. P., which provides in relevant part:

 Advice to Defendant. Before accepting a plea of guilty 
 or nolo contendere, the court must address the defendant 
 personally in open court and inform the defendant of, and 
 determine that the defendant understands, the following:
 
 (1) the nature of the charge to which the plea is offered, 
 the mandatory minimum penalty provided by law, if any, 
 and the maximum possible penalty provided by law....
 
Fed. R. Crim. P. 11(c)(1). Regarding the requirement to 
inform the defendant of "the nature of the charge," we have 
adopted a standard mandating that the court "have a colloquy 
with the defendant that would lead a reasonable person to 
believe that the defendant understood the nature of the 
charge." United States v. Dewalt, 92 F.3d 1209, 1212 (D.C. 
Cir. 1996) (quoting United States v. Frye, 738 F.3d 196, 201 
(7th Cir. 1984)). We look to the "totality of the circum-
stances" to determine if the plea was properly accepted. See, 
e.g., United States v. Liboro, 10 F.3d 861, 865 (D.C. Cir. 
1993). In addition to the judge's inquiry, the circumstances 
we consider include: the defendant's level of intelligence; 
whether he was represented by counsel; the complexity of 
the charge against him; and his own statements at the plea 

hearing. See United States v. Musa, 946 F.3d 1297, 1304 (7th 
Cir. 1991) (cited approvingly in Dewalt, 92 F.3d at 1212).

 Rule 11 prescribes a procedure " 'designed to assist the 
district judge in making the constitutionally required determi-
nation that a defendant's guilty plea is truly voluntary ... 
[and] to produce a complete record at the time the plea is 
entered of the factors relevant to this voluntariness determi-
nation.' " Dewalt, 92 F.3d at 1211-12 (quoting McCarthy v. 
United States, 394 U.S. 459, 465 (1969)). A guilty plea is not 
"voluntary in the sense that it constitute[s] an intelligent 
admission that [the defendant] committed the offense unless 
the defendant received 'real notice of the true nature of the 
charge against him, the first and most universally recognized 
requirement of due process.' " Henderson v. Morgan, 426 
U.S. 637, 645 (1976) (citations omitted). The Supreme Court 
also recognized that each case presents its own facts and, as a 
consequence, declined to delineate a specific procedure for a 
trial court to follow beyond the language of the rule itself, 
observing that "[i]n all such inquiries, [m]atters of reality, and 
not mere ritual should be controlling." McCarthy v. United 
States, 394 U.S. at 467 n.20 (internal quotations omitted).

 During the plea colloquy, in response to the district court's 
inquiries, the appellant stated that he was twenty-two years 
old, had an eleventh-grade education and had no difficulty 
communicating in English. 3/4/97 Tr. at 2. He also affirmed 
that he had been allowed sufficient time to discuss the plea 
with his lawyer and that he was satisfied with his lawyer's 
services. Id. at 3. The court then asked if he understood 
that he was "charged with conspiracy to distribute and to 
possess with intent to distribute one hundred kilograms or 
more of cannabis and five or more grams of cocaine base?" 
Id. at 5. The appellant replied "yes." Id. at 6. Later, the 
court inquired, "Did you, as charged in this information, ... 
conspire with [the co-conspirators] and other people to dis-
tribute and possess with intent to distribute a large quantity 
of marijuana and crack cocaine?" Id. at 10-11. The appel-
lant initially responded "just marijuana, sir." The district 
court then asked, "I beg your pardon?" The appellant re-
sponded, "It wasn't crack cocaine. I didn't conspire with 

them on crack cocaine." 3/4/97 Tr. 10-11 (emphasis added). 
After the appellant conferred with his lawyer, the district 
court then repeated the question and the appellant responded 
"yes."1 That he used the word "conspire" to describe (and 
minimize) his criminal conduct indicates that he indeed under-
stood the nature of the conspiracy charge against him. While 
the appellant argues that he was simply parroting the court's 
terminology, see Reply Br. at 6, the fact that he used the 
word in a contextually appropriate manner is, we believe, 
significant. His own words, in combination with the other 
evidence detailed below, lead us to conclude that a "reason-
able person" would believe that the appellant understood the 
nature of the conspiracy charge. See Dewalt, 92 F.3d at 
1212.

 The district court also considered the factual proffer filed in 
the case, which the appellant acknowledged he had read, and 
with which, by his signature on the sixth page thereof, he 
indicated that he agreed. In the proffer, he admitted that he 
"participated in a loosely knit, violent drug organization that 
sold crack cocaine and marijuana" and that "the members or 
the organization protected the [ ] housing complex as its own 
open air drug market ... and cooperated to protect each 
other from detection by police." See Appellant's App. at 14. 
The appellant further acknowledged in the proffer that he 
"sold marijuana at [location] with [the] co-conspirators ..., 
and others known and unknown to the government." Id. at 
15. As part of their modus operandi, "the members took 
turns selling to customers in order to allow everyone to profit, 
and warned one another when the police came into the area 
to protect against arrest and seizure of drugs." Id. at 15. 
He also admitted selling cocaine base in the area named in 
the proffer in a similar manner. Id. at 15.

 Despite his assurances to the contrary during the plea 
hearing, the appellant now claims he in fact lacked the 

__________
 1 The appellant's lawyer explained his client's initial response by 
stating, "with regard to cocaine, my client admitted that in the last 
case that was tried before your honor, in the process of that period 
of time he sold some crack cocaine." 3/4/97 Tr.at 11.

requisite understanding of the crime to which he pleaded 
guilty because the district court did not adequately explain 
the elements of the crime of conspiracy. Neither Rule 11 nor 
case law, however, "specifies the minimum that a district 
judge must do to inform the defendant of the nature of the 
charge." Dewalt, 92 F.3d at 1212. In particular, we have 
held that Rule 11(c)(1) does not require that the district court 
spell out the elements of the charge in order to inform the 
defendant adequately. See Liboro, 10 F.3d at 865. In Li-
boro, we stated that "[t]he contention that ... the judge must 
deliver to the defendant the equivalent of a jury charge finds 
no support in the language of [Rule 11] and runs counter to 
the legislative history. There is no requirement that the 
elements of the offense be explained." Id. (internal quota-
tions and citations omitted).2 While the district court must 
assure itself that the defendant understands the nature of the 
charge to which he is pleading so that his plea is a knowing 
one, it need not, in every case, specially isolate each element 
of the particular crime.

 As noted earlier, the complexity of the charge is another of 
the circumstances we consider in determining whether the 
defendant's guilty plea was a knowing one. The United 
States Supreme Court long ago declared that a conspiracy is 
simply "a partnership in criminal purposes." United States v. 
Kissel, 218 U.S. 601, 608 (1910). The elements of the crime of 
conspiracy are (1) an agreement to commit a specific offense 
(here, drug possession/distribution); (2) knowing participation 
in the conspiracy with the intent to commit the offense; and 
(3) commission of at least one overt act in furtherance of the 
conspiracy. See United States v. Wilson, 160 F.3d 732, 737 
(D.C. Cir. 1998). As set forth in Instruction 4.92 of our 
circuit's district court "Red Book," Criminal Jury Instructions 

__________
 2 The appellant attempts to distinguish Liboro by pointing to 
Liboro's "education and sophistication" and the lack of "esoteric 
terms or concepts unfamiliar to the lay mind" in the charges Liboro 
faced. He omits that in Liboro we also emphasized the fact that 
the defendant there, as here, had "his counsel at his side throughout 
the plea negotiations [and] the government's case spread before 
him." Liboro, 10 F.3d at 865.

for the District of Columbia No. 4.92 (4th ed. 1993), "[t]he 
essence of the offense of conspiracy is an agreement or 
understanding to violate other laws, and at least a single act 
done to carry out that unlawful agreement." The appellant's 
responses to the district court's queries as well as his admis-
sions regarding the uncomplicated charges against him mani-
fest his understanding of the "nature of the [conspiracy] 
charge" to which he was pleading guilty.

 In Dewalt, we did find a plea colloquy defective where, 
inter alia, the judge did not inform the defendant of the 
"knowledge" element of a gun possession offense. Dewalt, 92 
F.3d at 1212. Dewalt was charged with illegal possession of a 
sawed-off shotgun, that is, "a weapon made from a shotgun 
... [which] as modified has ... a barrel or barrels of less 
than 18 inches in length." 26 U.S.C. s 5845(a)(2). Because it 
was not clear from the indictment that the charge required 
specific knowledge of the gun barrel length, we concluded 
that the district court should have specifically ascertained 
that the defendant knew the barrel length was shorter than 
18 inches. Id.3 The shortcomings of the Dewalt plea pro-
ceeding are plainly distinguishable from the sole variance 
alleged by the appellant. As the Seventh Circuit observed in 
Musa, "[w]hile the subtleties of conspiracy law might be the 
bane of criminal law students, the basic principle is easily 
understood: a group of people agreeing to do something 
illegal." Musa, 946 F.2d at 1305.

 The trial court reasonably concluded that the appellant 
understood the nature of the charge to which he was pleading 
guilty as evidenced by: the numerous (at least three) times 

__________
 3 This error, however, was not the only one we ascribed to the 
district court in Dewalt. We detailed a number of problems with 
the district court's acceptance of the defendant's guilty plea: it 
failed to ask Dewalt if he had read the indictment or whether his 
counsel had assisted him in understanding it; it did not even 
mention to the defendant that the charge involved possession of a 
weapon; and the factual proffer did not include any information 
that the defendant knew the barrel length of the shotgun. See 
Dewalt, 92 F.3d 1212.

during the plea colloquy that the court informed the appellant 
of the charge (twice by reference to the factual proffer); the 
detail of the factual proffer itself; the straightforward nature 
of the charge against him; the fact that he was represented 
and advised by counsel throughout; and, importantly, the 
appellant's own use of the word "conspired" in response to 
the court. Even assuming the district court erred in not 
parsing the elements of the conspiracy charges, the error in 
no way approaches plain error under Rule 52(b). At the 
same time, however, we remind trial courts to exercise care 
and precision in complying with Rule 11.

 III.

 The appellant also challenges his conviction in Cr. No. 
96-106-01, claiming the district court committed plain error 
by incorrectly defining reasonable doubt to the jury. In 
addition, he alleges prosecutorial misconduct during cross-
examination and in the government's closing argument. His 
plea agreement, however, provides that he "agrees to with-
draw all pending motions for new trial regarding his convic-
tion in Criminal Case number 96-106 and to waive all further 
challenges to or appeals of his conviction in that case." 
(Appellant's App. at 5, p 1(c)). The appellant's sole response 
is that the waiver of appeal should not be enforced because 
his guilty plea failed to comply with Rule 11(c)(1). (Reply Br. 
at 9).4 Because his guilty plea was in fact properly accepted 
under Rule 11, the appellant has waived his right to appeal 
Cr. No. 96-106-01.

__________
 4 The appellant suggests, in a footnote, that "various individual 
judges ... have rejected waivers of appellate rights." See Reply 
Br. at 8 n.2. As the government notes, however, ten other circuits 
have found waivers of appeals permissible and enforceable. See, 
e.g., United States v. Teeter, 257 F.3d 14, 21 (1st Cir. 2001); United 
States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001); United States v. 
Brown, 232 F.3d 399, 403 (4th Cir. 2000); United States v. Hare, 
269 F.3d 859, 860 (7th Cir. 2001).

 For the foregoing reasons, we affirm the appellant's convic-
tion in No. 00-3124 and we dismiss his appeal in No. 00-3123.

 So ordered.