### WILLIAM PRESTON v. THE PEOPLE.

*Autrefois convict—Sufficiency of plea in justice's court.*

A plea of former conviction, in a justice's court, need not be in writing.

A justice enters what he understands to be the substance of a plea in his docket, and if none but a plainly untenable objection has been taken to it, a court of review will presume that it was otherwise sufficient.

Where the prosecution, in a criminal proceeding before a justice, does not demur or otherwise object to a special plea, for either form or substance, the justice should not reject it on grounds which the prosecution seems disposed to waive.

A plea of former conviction to a charge of assault and battery is not legally inconsistent with a showing that the conviction was under a village by-law for disorderly conduct.

Error to Wexford.   Submitted Jan. 21.   Decided Jan. 28.

ASSAULT AND BATTERY. Respondent brings error. Reversed and prisoner discharged.

*Sawyer & Bishop* for plaintiff in error.

Attorney-General *Jacob J. Van Riper* for the people. Plea of former conviction before a justice must conform to the rules in a court of record and set forth the former warrant and conviction, aver defendant's identity and that of the offense, and if the former judgment was by a justice, must state his jurisdiction, etc.:   *Com. v. Goddard* 13 Mass. 457 ; Tiff. Cr. L. 401; *Briggs v. Milburn* 40 Mich. 512.

COOLEY, J.   Plaintiff in error was arrested and brought before a justice of the peace on a charge of assault and battery.   On the charge being read to him he pleaded orally not guilty and a former conviction in bar.   The justice disregarded the plea of a former conviction because it was not in writing and sworn to, and proceeded to try, convict and sentence the party on the issue presented by the other plea. This conviction has been affirmed in the circuit court.

It is not claimed by the Attorney-General that the justice was right in holding the special plea in bar to be of no force because not in writing, but it is urged that the plea itself was a nullity because of want of substance.   It specified no prosecution, no court, no time or place, but merely in general terms set up a former conviction.   But in answer to this it is sufficient to say that in case of an oral plea the justice merely enters what he deems to be its substance on the docket ; and when no objection is taken to it but one that is manifestly untenable, we must suppose it was in other respects sufficient.

Besides, it does not appear that the prosecution objected to the special plea, either for form or substance, by demurrer or otherwise; and the justice should not have volunteered an objection which the prosecution, apparently, were disposed to waive.

It is said, however, that it sufficiently appears from the record that the supposed former conviction was a conviction of disorderly conduct under a village by-law; and that such a conviction could constitute no bar. It is true there is an affidavit appearing in the record in which plaintiff in error affirms that he has been so convicted of disorderly conduct, and that the cause for which he was convicted "is and was the same identical transaction and cause" for which he was then under arrest; but this is not legally inconsistent with his plea. He may have been convicted under the general statute and under village ordinance also.

The judgment must be reversed, and the plaintiff in error discharged from his recognizance.

The other Justices concurred.