RECORDER'S COURT PRESIDING JUDGE *v.* THIRD JUDICIAL CIRCUIT JUDGE.

1. CRIMINAL LAW—FORM OF APPEAL.
   There is no legal objection to a dismissal of a warrant charging the accused with a violation of a city traffic ordinance in that he failed to have his operator's license in his immediate possession when driving an automobile and charging the same offense in a second warrant as a violation of the vehicle code as one accused of crime has no vested right to be tried under the ordinance and thereby obtain a different form of statutory appeal (CLS 1952, § 257.311).

2. SAME—JEOPARDY—INQUIRY BY REFEREE IN TRAFFIC AND ORDINANCE DIVISION.
   An inquiry made by a referee in the traffic and ordinance division of recorder's court for Detroit is not in effect a trial,

---

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 15 Am Jur, Criminal Law § 369.
[5] 25 Am Jur, Habeas Corpus § 52.

hence the accused is not thereby placed in jeopardy, since the referee is not a judge of the court but is merely authorized to examine witnesses, make reports and recommendations to the judges of such division in such cases as may be referred to them, a jurisdiction which may not be enlarged by custom or practice (CL 1948, § 725.19).

3. SAME—REFEREE IN TRAFFIC AND ORDINANCE DIVISION—JEOPARDY.
   Referee in the traffic and ordinance division of recorder's court for Detroit who examined witnesses and transmitted case to a judge of the court without specific findings or recommendations did not thereby place in jeopardy a defendant who had theretofore been accused of violating city ordinance requiring immediate possession of operator's license while operating a motor vehicle within the city (CL 1948, § 725.19).

4. SAME—JEOPARDY.
   One accused of violating the law is in jeopardy when placed on trial, on such charge, in a court of competent jurisdiction.

5. HABEAS CORPUS—SCOPE OF PROCEEDING—JEOPARDY.
   Habeas corpus proceeding which had been brought in the circuit court is limited to a determination as to whether or not petitioner who had been arrested on a warrant charging him with a violation of a city ordinance requiring immediate possession of operator's license while operating motor vehicle within the city had been placed in jeopardy by a judge of the traffic and ordinance division of the recorder's court for Detroit before dismissing such case and causing institution of a new prosecution for same offense as a violation of a State statute, without extending to or including an investigation of the general methods and practices of the division of the court (CLS 1952, § 257.311).

6. PROHIBITION—HABEAS CORPUS—JEOPARDY—JURISDICTION.
   The Supreme Court retains jurisdiction of prohibition proceeding, brought to bar habeas corpus proceeding by one who claimed double jeopardy, where trial in the habeas corpus proceeding in the circuit court is limited to issue of determining whether or not person involved had been placed in jeopardy twice in the traffic and ordinance division of the recorder's court of Detroit.

Original petition for writ of prohibition by George T. Murphy, Presiding Judge of the Recorder's Court, City of Detroit, Traffic and Ordinance Division,

against Carl M. Weideman, Judge of the Circuit Court, Third Judicial Circuit, and John E. Corniuk, to abate habeas corpus proceedings following conviction of Corniuk of violation of vehicle code. Submitted June 8, 1954. (Calendar No. 46,032.) Preliminary stay order modified July 6, 1954. Defendant directed to proceed on issue of whether Corniuk was placed in double jeopardy, pending which inquiry, jurisdiction of prohibition proceedings is retained.

*Henrietta E. Rosenthal,* for plaintiff.

*Cozadd, Shangle, Schmidt & Weideman,* for defendant circuit judge.

*Charfoos, Gussin, Weinstein & Kroll* (*Edward Dobreff,* of counsel), for defendant Corniuk.

Carr, J. Plaintiff herein as presiding judge of the recorder's court for the city of Detroit, traffic and ordinance division, initiated this proceeding by filing a petition asking that defendant circuit judge be restrained from proceeding further under a writ of habeas corpus pending before him. The party in whose behalf the habeas corpus action was brought, John E. Corniuk, has also been included as a party defendant, presumably in recognition of his interest in the controversy. However, no relief is sought against him. The question presented here is whether petitioner is entitled to relief against the defendant circuit judge, herein referred to as the defendant. On the filing of the petition this Court issued an order to show cause, incorporating therein a provision that during the pendency of the prohibition action, or until the further order of the Court, the habeas corpus proceedings should be stayed.

From the record before us it appears that on or about the 4th of September, 1953, defendant Corniuk was given a traffic ticket charging the offense of operating a motor vehicle in the city of Detroit without an operator's license in his immediate possession, in violation of the city ordinance. On the date mentioned he appeared before a referee of the traffic and ordinance division of the recorder's court who conducted an inquiry or examination in the course of which witnesses were sworn and testimony taken. Thereupon the referee, without making findings or recommendations, referred the case to Judge Murphy for disposition.

Following the action of the referee defendant Corniuk appeared before Judge Murphy, who dismissed the charge based on the ordinance. Thereupon a complaint was made under the Michigan vehicle code, PA 1949, No 300, § 311 (CLS 1952, § 257.311 [Stat Ann 1952 Rev § 9.2011]), a warrant was issued, and on arraignment defendant Corniuk stood mute. A plea of not guilty being entered by direction of the court, counsel for Corniuk demanded a jury trial, and also an adjournment which was granted. On the calling of the case on October 2d the defendant therein waived trial by jury and filed a motion alleging former jeopardy as a bar to the prosecution under the statute. The motion was denied.

Following a trial before the court Corniuk was found guilty and sentenced to 10 days in the Detroit House of Correction. His counsel then filed in circuit court a petition for a writ of habeas corpus, which writ was issued by the defendant in the instant proceeding. Corniuk being produced under the writ, the circuit judge released him on bond and adjourned the matter for several days for the purpose of permitting the filing of returns to the writ. Thereupon the plaintiff herein, being advised of the

release of Corniuk, issued an order for a writ of capias for the apprehension of Corniuk, reciting therein, in effect, that the action of the defendant circuit judge was wholly unauthorized. Corniuk was then returned to the Detroit House of Correction, from which he was released under a second writ of habeas corpus issued by defendant.

Hearings were conducted with reference to the alleged illegality of Corniuk's conviction and sentence. Testimony was offered and received relating to the manner in which cases were handled in the traffic and ordinance division of the recorder's court. A writ of certiorari was issued for the purpose of bringing before the defendant circuit judge certain records of said court. Return to such writ was made by petitioner as presiding judge of the division of said court involved in the case. The record indicates that the proceeding was adjourned from time to time, and that officers and employees of the recorder's court were served with subpoenas requiring their attendance. Much of the testimony was received over objections as to its competency and materiality.

In the petition requesting this Court to issue a writ of prohibition it is claimed that the application for a writ of habeas corpus in Corniuk's behalf was improvidently granted by defendant circuit judge, that the failure to dismiss the proceeding on the showing that Corniuk had been convicted and sentenced in the recorder's court was an abuse of discretion, that the hearings ostensibly conducted for the purpose of determining whether the recorder's court had jurisdiction to try, convict and sentence Corniuk under the State statute were not properly limited in scope, that, in effect, defendant is undertaking to conduct an investigation into the methods and practices customarily followed in the traffic and ordinance division of the recorder's court, that such action is wholly unauthorized and unwarranted, and

that as a result the work of the recorder's court in the handling and disposition of traffic and ordinance cases was, and is, materially disrupted. On behalf of defendant Corniuk it is insisted that the application made by him for a writ of habeas corpus was in proper form, that the circuit judge acted correctly in issuing the writ, and that said judge now has jurisdiction to inquire into the legality of the trial on the charge of violating a provision of the Michigan vehicle code. On behalf of defendant circuit judge it is insisted that he was duly authorized to issue the writ and to conduct hearings to determine the merits of Corniuk's contentions, and it is denied that such hearings have been improperly or unduly extended in scope. That the controversy has given rise to an unfortunate situation is obvious.

It is the claim of counsel for Corniuk, advanced in the habeas corpus proceeding and also in the case now before this Court, that the conviction under the State statute was void and, hence, that the sentence was and is unlawful. It is contended that the dismissal of the charge under the ordinance and the bringing of prosecution under the State statute violated his rights because, if convicted under the original charge, he might have sought review by way of certiorari in the circuit court of Wayne county (*City of Detroit* v. *Wayne Circuit Judge,* 233 Mich 356; *Grosscup* v. *Wayne Circuit Judge,* 233 Mich 362), while following the conviction for violation of the State statute review could be had only by way of appeal to this Court. He insists also that he was placed in jeopardy by the proceedings before the referee and before Judge Murphy under the warrant charging an ordinance violation, that the dismissal of that charge operated legally as an acquittal, and that in consequence the court was without jurisdiction to proceed under the warrant charging a violation of the Michigan vehicle code.

The first claim involves solely an issue of law, and is without merit. Defendant Corniuk had no vested right to be tried under the ordinance. The prosecution might have been brought in the first instance under the statute, and there was no legal objection to a dismissal of the first warrant on the theory that defendant Corniuk had a right to any particular form of statutory appeal. The meritorious question is whether prior to the dismissal of the charge under the ordinance defendant Corniuk had been placed in jeopardy.

The claim that the inquiry made by the referee before whom Corniuk appeared with his traffic ticket was in effect a trial is untenable. Such referee was not a judge of the court. His powers and duties were specifically defined, as are the powers and duties of other officers and employees of the traffic and ordinance division of the recorder's court, by statute. CL 1948, § 725.19 (Stat Ann 1953 Cum Supp § 27.3959), provides, in part, as follows:

"The said judges of the municipal court—traffic and ordinance division shall have authority to appoint 1 or more referees, who shall have authority to administer oaths, examine witnesses and make reports and recommendations to the judges of such municipal court—traffic and ordinance division in such misdemeanor cases under State laws or municipal ordinances as may be referred to them by the judges of said division of said court. The compensation to be paid and the amount of bond required to such referee or referees shall be fixed by the judges of said division of said court. The compensation so expended for such referee or referees, the deputy clerk, other clerks, clerical and stenographic assistants or other employees shall not exceed the sums appropriated therefor by the legislative body of the municipality wherein such court is constituted. Such referee or referees appointed by said judges, shall hold office at the will thereof."

It will be noted that the statute does not require the appointment of referees, but merely grants to the judges of the recorder's court, traffic and ordinance division, the authority to so appoint. Undoubtedly the legislature was fully advised of the volume of traffic cases in said court, and authorized the appointment of referees to aid in the prompt disposition thereof. Their functions are as specifically pointed out, and the authority granted is limited to the conducting of examinations of witnesses and the making of reports and recommendations to the judges of the traffic and ordinance division. The jurisdiction so granted by statute may not be enlarged by custom or practice.

Insofar as the instant case is concerned, it is apparent from the record that the referee before whom Corniuk appeared did not exceed his statutory authority. He examined witnesses and at the conclusion of his inquiry transmitted the case to Judge Murphy without specific findings or recommendations. Defendant Corniuk's claim that he was tried before the referee and was in legal effect placed in jeopardy by that proceeding is without merit. The referee had no authority to adjudge Corniuk guilty, or to enter any order to that effect. Neither did he attempt to do so.

The record here does not show what actually transpired when the case came before Judge Murphy. On behalf of defendant Corniuk it is asserted in substance that the judge conducted a hearing that amounted to a trial, or partial trial, on the merits of the charge, and that he then dismissed the case under the ordinance with directions to institute a prosecution under the State statute. That Judge Murphy had jurisdiction to try the ordinance case is, of course, not open to question. The query is whether he actually did so. The determination of the meritorious issue involved in the habeas corpus

proceeding obviously depends on the answer to this question. In *People* v. *Powers,* 272 Mich 303, 307, this Court recognized the general rule that one accused of violating the law is in jeopardy when placed on trial, on such charge, in a court of competent jurisdiction. Among other decisions of this Court involving a claim of double jeopardy are: *Preston* v. *People,* 45 Mich 486; *People* v. *Kuhn,* 67 Mich 463; *People* v. *Townsend,* 214 Mich 267 (16 ALR 902).

The petition for the writ of habeas corpus was in proper form and the defendant circuit judge was authorized and empowered, under pertinent provisions of the Constitution and of the statutes providing for such remedy, to issue the writ. The inquiry thereunder should, however, be limited to the question actually involved. It may not extend to or include an investigation of the general methods and practices of the traffic and ordinance division of the recorder's court. The controversy now before us does not directly involve what has been done. Rather, we are concerned with the question as to what may properly be done now in view of the situation that exists.

An order will enter in the case modifying the restraining provision of the order to show cause, issued on the filing of the petition for a writ of prohibition, in such manner as to authorize and direct the defendant circuit judge to proceed with the inquiry now pending before him for the purpose of determining the issues involved, that is, was petitioner in habeas corpus, defendant Corniuk herein, actually placed in jeopardy by what occurred before Judge Murphy prior to the dismissal of the ordinance charge, and was the claim of double jeopardy, as raised in the case brought under the statute, well founded. The manner of disposition of the proceeding will necessarily depend on the conclusions reached. Pending the inquiry and the disposition of

the matter this Court will retain jurisdiction of the proceeding now before us.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.