PEOPLE v MORILLO

Docket No. 77-2358. Submitted November 8, 1978, at Detroit.—Decided June 6, 1979. Leave to appeal applied for.

Defendant, Thomas H. Morillo, Sr., was tried in Federal Court for conspiracy to transport stolen goods in interstate commerce. The trial judge dismissed the charges at the close of the government's case for failure to prove an intention on the part of Morillo to transport the goods interstate. Defendant was then charged in the Wayne Circuit Court with receiving and concealing the same stolen property. Defendant moved to quash the complaint and warrant, arguing former jeopardy, and the court, Joseph B. Sullivan, J., denied the motion. Defendant appeals by leave granted. *Held:*

Under these circumstances the prosecution in state court is not barred by double jeopardy because the case in Federal Court never went to the jury and the only determination reached was by the Federal judge that the jurisdictional element of interstate transportation of the goods had not been shown by the prosecution.

Affirmed.

J. E. TOWNSEND, J., dissented. He does not believe that the Michigan Supreme Court intended to permit the exercise of dual sovereignty in every situation where Federal jurisdiction fails at trial and it can be determined by special verdict or otherwise that the jurisdictional element controlled the outcome. He would reverse.

OPINION OF THE COURT

1. CONSTITUTIONAL LAW — CRIMINAL LAW — JEOPARDY.

A defendant is placed in jeopardy once a jury is impaneled and sworn.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 175, 176.
[2] 21 Am Jur 2d, Criminal Law §§ 185, 191.
[3] 21 Am Jur 2d, Criminal Law § 192.
[4] 21 Am Jur 2d, Criminal Law § 182 *et seq.*

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — FOREIGN JURISDIC-
TION — STATE'S INTERESTS.

The Michigan constitution prohibits a second prosecution for an
offense arising out of the same criminal act unless it appears
from the record that the interests of the State of Michigan and
the jurisdiction which initially prosecuted are substantially
different; in determining whether a foreign prosecution satisfies
this state's interests, pertinent factors to consider are: (1)
whether the maximum penalties of the statutes involved are
greatly disparate; (2) whether some reason exists why one
jurisdiction cannot be entrusted to vindicate fully another
jurisdiction's interest in securing a conviction; and (3) whether
the differences in the statutes are merely jurisdictional or are
more substantive.

3. CONSTITUTIONAL LAW — CRIMINAL LAW — DOUBLE JEOPARDY —
FEDERAL AND STATE PROSECUTIONS — RECEIVING AND CONCEAL-
ING STOLEN PROPERTY.

Prosecution in Federal Court for conspiracy to transport and
transporting stolen goods in interstate commerce bars a state
prosecution for receiving or concealing the same goods except
that the state is not barred from subsequently prosecuting
where the Federal charges are dismissed at the close of the
prosecution's proofs for failure to establish the requisite nexus
with interstate commerce, the jurisdictional element of the
Federal offense (18 USC 371, 2314, MCL 750.535; MSA 28.803).

DISSENT BY J. E. TOWNSEND, J.

4. CONSTITUTIONAL LAW — CRIMINAL LAW — DOUBLE JEOPARDY —
FEDERAL AND STATE PROSECUTIONS — RECEIVING AND CONCEAL-
ING STOLEN PROPERTY.

*Prosecution in a Federal Court for conspiracy to transport and
transportation of stolen goods in interstate commerce bars a
state prosecution for receiving and concealing the same goods
even where the Federal charges are dismissed at the close of
the prosecution's proofs for failure to establish the requisite
nexus with interstate commerce (18 USC 371, 2314, MCL
750.535; MSA 28.803).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Andrea L. Solak,*
Assistant Prosecuting Attorney, for the people.

*David N. Walsh,* for defendant.

Before: ALLEN, P.J., and R. M. MAHER and J. E.
TOWNSEND,* JJ.

PER CURIAM. Where defendant is charged in
Federal proceedings with conspiracy to transport
stolen goods in interstate commerce and at the
close of the government's case in Federal court is
acquitted thereof, and thereafter is charged in the
state court with conspiracy to receive and conceal the
identical stolen goods, does such action in the state
court constitute double jeopardy? On June 24,
1977, the Wayne County Circuit Court held the
state's action was not double jeopardy, and defen-
dant appeals of right.

In late 1975, defendant and codefendants were
charged with a five-count Federal indictment for
transporting and/or receiving and concealing in
interstate commerce certain coils of rolled steel
having a value of over $5,000, knowing the same
was stolen. Trial was held in the Federal District
Court for the Eastern District of Michigan before
Judge Cornelia Kennedy. As the trial. unfolded,
counts II, III and IV were dismissed. Count II
charged defendant with conspiracy to buy and
receive stolen goods while such goods were in
interstate commerce in violation of 18 USC 659.
Count IV charged defendant with buying and re-
ceiving such goods in violation of 18 USC 659.
Count III named defendants other than Thomas
Morillo. Trial continued as to counts I and V.
Count I charged defendant with conspiracy in
violation of 18 USC 371 to transport in interstate
commerce from Dearborn, Michigan to Skokie,
Illinois in May and June, 1975, three coils of hot-
rolled steel weighing some 53 tons, knowing the

* Circuit judge, sitting on the Court of Appeals by assignment.

same to be stolen in violation of 18 USC 2314. Count V charged defendant with the same offense in relation to two different coils of hot-rolled steel allegedly stolen and sold in a separate transaction on a different occasion. Upon completion of the prosecution's case defendant moved for judgment of acquittal on counts I and V. On September 14, 1976, Judge Kennedy granted defendant's motion on grounds that the government had failed to prove an intention on the part of defendant to transport the stolen property interstate.[1]

In December, 1976, a three-count information was filed against defendant in the Wayne County Circuit Court. Count I charged defendant with conspiracy, MCL 750.157a(a); MSA 28.354(1)(a), to receive and conceal the same five coils of hot rolled steel as were specified in Counts I and V of the Federal indictment, contrary to MCL 750.535; MSA 28.803. Count II charged defendant with receiving and concealing, in violation of MCL 750.535; MSA 28.803, the three coils of steel mentioned in count I of the Federal proceedings and

[1] "Further, there is a complete absence of evidence that it was ever to be transported in interstate commerce. The only interstate nexus with this steel is the fact that the evidence showed it was purchased by a concern or individual in Skokie, Illinois.

\* \* \*

"Further, we have the testimony, in this case, of the co-conspirators as to each Count and nowhere, in the testimony of the co-conspirators in Count One or the testimony of the co-conspirators in Count Two, was there any testimony that the parties intended that the steel should be moved—transported, rather, in interstate commerce or caused to be transported in interstate commerce.

\* \* \*

"Further, although the Congress could make it a Federal crime to sell stolen goods in interstate commerce, it has not chosen to do so; but has required transportation and the Court cannot construe transportation to include sale.

"For these reasons, the Court believes that it must grant the defendant's motion for judgment of acquittal on the charges in the— remaining charges in the indictment." Judge Kennedy's opinion, pp 3, 4, 5-6.

count III charged defendant with receiving and concealing the two coils of hot rolled steel listed in Count V of the Federal indictment. The defendant moved to quash the complaint and warrant, arguing former jeopardy from the Federal proceedings. When that motion was denied on June 24, 1977, the defendant sought and was granted leave to appeal to this Court.

There can be no double jeopardy unless there was prior jeopardy in the Federal proceedings. Judge Kennedy's order of acquittal was issued after the jury was impaneled and the government had presented its proofs. The Supreme Court of the United States and the State of Michigan have ruled that a defendant is placed in jeopardy once a jury is impaneled and sworn. *United States v Jorn,* 400 US 470; 91 S Ct 547; 27 L Ed 2d 543 (1971), *People v Gardner,* 37 Mich App 520; 195 NW2d 62 (1972).[2] However, it is also true that for jeopardy to attach, the court must be vested with competent jurisdiction. *People v Powers,* 272 Mich 303; 261 NW 543 (1935), *Recorder's Court Presiding Judge v Third Judicial Circuit Judge,* 340 Mich 193; 65 NW2d 320 (1954). See also *State v Hite,* 3 Wash App 9; 472 P2d 600 (1970), *cert den* 403 US 933; 91 S Ct 2262; 29 L Ed 2d 712 (1971). The people initially argue that Judge Kennedy clearly ruled that jurisdiction did not lie because interstate transportation had not been shown. We disagree. This is not a case where the court never had jurisdiction. Instead, it is a case where jurisdiction (interstate commerce) was an element of the offense—an element which the government failed to

---

[2] Most recently, in what is known as "The Double Jeopardy Cases", the United States Supreme Court has reaffirmed the ruling that jeopardy attaches when the jury is impaneled and sworn. In so ruling, the Court struck down a Montana statute providing that jeopardy would not attach until the first witness was sworn. *Crist v Bretz,* 437 US 28; 98 S Ct 2156; 57 L Ed 2d 24 (1978).

prove. The lack of competent jurisdiction of the type which precludes jeopardy in the first court involves situations where the first court never had jurisdiction in the first place and never could establish it. That is not the situation in the instant case. Clearly, jeopardy attached at the Federal level. See also *Sanabria v United States,* 437 US 54; 98 S Ct 2170; 57 L Ed 2d 43 (1978).

Citing *People v Cooper,* 398 Mich 450; 247 NW2d 866 (1976), as authority, the people argue that even if prior jeopardy attached in the Federal court, the state is not foreclosed from prosecution where the state has a distinct and special interest to protect. Defendant also relies on *Cooper,* claiming that the interests of the state and the Federal government are substantially the same. Under the "dual sovereignty" doctrine as set forth in *Abbate v United States,* 359 US 187; 79 S Ct 666; 3 L Ed 2d 729 (1959), and *Bartkus v Illinois,* 359 US 121; 79 S Ct 676; 3 L Ed 2d 684 (1959), successive prosecutions by the state and Federal governments for the same act did not constitute double jeopardy. But subsequent cases beginning with *Benton v Maryland,* 395 US 784; 89 S Ct 2056; 23 L Ed 2d 707 (1969), seriously eroded the doctrine. See Brant, *Overruling* Bartkus *and* Abbate: *A New Standard for Double Jeopardy,* 11 Washburn L J 188 (1972). In *Cooper,* the Michigan Supreme Court qualified the dual sovereignty doctrine holding that, unless the state's interest is substantially different from the Federal interest, Const 1963, art 1, § 15 prohibits a state prosecution for any offense which arises out of the same criminal act for which a Federal prosecution was concluded.

"We feel that the interests of the state and the defendant are best accommodated by the approach of the Pennsylvania Supreme Court in *Commonwealth v*

*Mills,* 447 Pa 163; 286 A2d 638 (1971). We perceive that
approach as requiring, and we so hold, that Const 1963,
art 1, § 15 prohibits a second prosecution for an offense
arising out of the same criminal act unless it appears
from the record that the interests of the State of
Michigan and the jurisdiction *which initially prosecuted
are substantially different.* Analysis on a case by case
basis cannot be avoided." (Emphasis supplied.) 398 Mich
450, 460-461.

To assist lower courts in determining whether
the interests of Michigan and the jurisdiction ini-
tially prosecuting the defendant are basically dif-
ferent, the Supreme Court suggested a three-factor
approach.

"A prosecutor would be entitled to direct the atten-
tion of the court to factors which are pertinent to a
determination of whether a Federal prosecution satis-
fies the state's interest. Such factors for prosecutions
arising out of the same criminal acts, may include
whether the maximum penalties of the statutes in-
volved are greatly disparate, whether some reason ex-
ists why one jurisdiction cannot be entrusted to vindi-
cate fully another jurisdiction's interests in securing a
conviction, and whether the differences in the statutes
are merely jurisdictional or are more substantive.
While we would prefer that our interpretation produce
clear distinctions, we are comforted by our belief in the
correctness of this approach, the judiciary's ability to
apply this test, and the infrequency of successive Fed-
eral and state prosecutions." 398 Mich 450, 461.

Comparing the maximum penalties under the
Federal and state statutes involved in the case
before us, we note no significant disparity. Receiv-
ing or concealing stolen property over $100, MCL
750.535; MSA 28.803, carries a maximum penalty
of five years imprisonment and a $2,500 fine.
Conspiracy to receive or conceal carries the same

maximum penalty as the substantive offense, plus a possible additional fine of $10,000, MCL 750.157a; MSA 28.354(1). Transportation of stolen goods in interstate commerce carries a maximum penalty of ten years imprisonment and a $10,000 fine, 18 USC 2314. Conspiracy to commit an offense against the United States is punishable by a maximum of five years imprisonment and a $10,-000 fine, 18 USC 371.

As to the second factor set forth in *Cooper, supra,* nothing suggests that the Federal authorities may not be trusted to vindicate Michigan's interest in securing a conviction.

The sole remaining question is whether the differences between the state and Federal statutes are substantive or merely jurisdictional. As a preliminary matter, we note that the elements of a conspiracy are the same under both state and Federal law, *People v Atley,* 392 Mich 298, 310; 220 NW2d 465 (1974):

" 'A conspiracy is a partnership in criminal purposes', *United States v Kissel,* 218 US 601, 608; 31 S Ct 124; 54 L Ed 1168 (1910). A two fold specific intent is required: a combination with others to do what is unlawful."

It is the element of criminal purpose which is the focus of our inquiry here. We must determine whether the substantive offenses which were the object of the alleged conspiracies are substantially the same or are different.

We begin by noting that transportation of stolen goods and receiving and storing stolen goods are distinct offenses under Federal law, and that the Federal double jeopardy doctrine would not prohibit separate convictions for transporting and for receiving and storing the same stolen goods, 18 USC 2314, 2315, *United States v Pearce,* 275 F2d

318 (CA 7, 1960). See also *Turley v Wyrick,* 554 F2d 840 (CA 8, 1977), *cert den* 434 US 1033; 98 S Ct 765; 54 L Ed 2d 780 (1978). Under Michigan double jeopardy law, however, a defendant could not be convicted in a state court of both receiving and transporting the same property unless the two offenses constituted separate transactions; where the goods are received for purposes of transportation, the receiving would be a lesser included offense of the offense of transporting the goods. See *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977). Thus prosecution for both transporting and receiving or concealing would constitute double jeopardy if only Michigan statutes were involved.[3] We are not concerned here, however, with a situation involving two Michigan prosecutions or convictions for the same conduct, but with successive Federal and state prosecutions. The applicable rule is not that set out in *Martin* and *Stewart,* but that enunciated in *People v Cooper, supra.*

Continuing our analysis under *Cooper,* we note that the Federal offense of transporting stolen goods in interstate commerce and the state offense of receiving or concealing stolen property share several elements. First, the property in question must be stolen, and the defendant must know that it is stolen; second, the defendant must intend to transport (in the case of § 2314) or to receive and conceal (in the case of MCL 750.535). The Federal offense does contain one element which the state offense does not: the requirement that the stolen goods move in interstate commerce, see *United*

---

[3] We note that no double jeopardy problem is created by the two receiving or concealing counts, because the counts charge two separate transactions on different occasions involving different stolen goods.

*States v Rogers,* 475 F2d 821 (CA 7, 1973). The state offense requires no transportation of the goods at all. In view of the stated congressional intent in passing § 2314—that is, to prevent law-breakers from escaping punishment by transporting stolen property out of the state where it is stolen[4]—it seems clear that the nexus with interstate commerce is a purely jurisdictional requirement. Thus the differences between the two statutes for our purposes appear to be merely jurisdictional and not substantive.

Our application of the test set out in *People v Cooper, supra,* leads us to conclude that, under ordinary circumstances, prosecution in a Federal court on charges of conspiracy to transport and transporting stolen goods in interstate commerce would bar subsequent prosecution in a state court for receiving or concealing the same stolen goods. Had the Federal prosecution proceeded to a general verdict of guilty or not guilty, we would not hesitate to find the state prosecution barred by the double jeopardy clause of the Michigan Constitution, Const 1963, art 1, § 15, *People v Cooper, supra.*

---

[4] See *United States v Sheridan,* 329 US 379, 384; 67 S Ct 332; 91 L Ed 359 (1946):

"Congress had in mind preventing further frauds or the completion of frauds partially executed. But it also contemplated coming to the aid of the states in detecting and punishing criminals whose offenses are complete under state law, but who utilize the channels of interstate commerce to make a successful getaway and thus make the state's detecting and punitive processes impotent.[10]"

"[10] See H. Rep. 2528, 70th Cong., 2d Sess., 2: 'Most of the States have laws covering the underlying principle of this proposed legislation, but it must be remembered that the jurisdiction of the State court does not reach into all of the States, especially when the matter of producing witnesses and bringing to court the proof is concerned.' See also Hearings before the Committee on the Judiciary on H. R. 10287, *supra* note 8, *passim.*"

See also *United States v Stearns,* 550 F2d 1167 (CA 9, 1977), *State v West,* 260 NW2d 215 (SD, 1977).

The case at bar, however, presents an extraordinary situation. In this case, unlike *Cooper,* the case never went to the jury. Instead, it was dismissed by the trial judge at the close of the prosecution's proofs, solely on grounds that the government had failed to establish the requisite nexus with interstate commerce. It is thus apparent that the only issue decided in the Federal prosecution was the only issue which need not be proven in a state prosecution: the element necessary to establish Federal jurisdiction. Thus the government's proofs on the substantive elements which the Federal and state offenses share were never tested either by the court or by the jury. Under these circumstances, we conclude that the Federal prosecution failed to satisfy the state's interest, *cf. State v West,* 260 NW2d 215 (SD, 1977).

The result we reach is not inconsistent with *People v Cooper, supra,* and in our opinion comports with the intent of the Supreme Court's decision in *Cooper.* The Court in *Cooper* sought to accommodate the interests of the state in punishing the guilty and the interests of defendants in not being subjected to two prosecutions for the same conduct. They accomplished this result by prohibiting a state prosecution when the state's interests had previously been vindicated in a Federal prosecution. In the peculiar circumstances presented by the case before us, it is clear that the state's interests were not vindicated by the Federal prosecution.

Prosecution of defendant for conspiracy to receive or conceal stolen property and for the two separate acts of receiving or concealing is not barred on double jeopardy grounds under *People v Cooper, supra.* The ruling of the trial court is affirmed.

J. E. TOWNSEND, J. *(dissenting).* I dissent.

The judgment of acquittal was entered after the jury was sworn in and the government had presented its proofs in a case where the court had jurisdiction of the person and of the subject matter.

Clearly, "jeopardy" attached and any appeal or retrial in Federal court would be precluded by the constitutional protection against double jeopardy. *Sanabria v United States,* 437 US 54, 65-69; 98 S Ct 2170; L Ed 2d 43 (1978), *United States v Jorn,* 400 US 470; 91 S Ct 547; 27 L Ed 2d 543 (1971).

The judgment of acquittal was based upon failure to prove the fact of "intent to transport" in interstate commerce. A number of states which have double jeopardy statutes classify such elements as a "jurisdictional" element, which is not determinative of "double jeopardy" issues. *State v West,* 260 NW2d 215, 222-223 (SD, 1977), and cases from other states cited therein.

The Michigan Supreme Court in the case of *People v Cooper,* 398 Mich 450; 247 NW2d 866 (1976) speaking through Justice LINDEMER, appears to adopt such rule on page 461 by stating as one factor important to deciding whether Federal prosecution satisfies the state's interest, "whether the differences in the statutes are merely jurisdictional or are more substantive".

My colleagues and I agree that the statutory differences in this case are merely jurisdictional.

If, in fact, the differences are merely jurisdictional, I conclude that an attempt to try defendant in a state court is a retrial of the same substantive offense and constitutes double jeopardy based upon the tests and reasoning approved in *People v Cooper.*

The acquittal of defendant by Judge Kennedy decided the issue of defendant's guilt or innocence.

I do not believe that the Michigan Supreme Court intended to permit the exercise of dual sovereignty in every situation where Federal jurisdiction fails at trial and it can be determined by special verdict or otherwise that the jurisdictional element controlled the outcome of the trial on the merits.

I would reverse.