PEOPLE v FORMICOLA

Docket No. 60941. Argued January 11, 1979 (Calendar No. 4).—Decided October 29, 1979.

Anthony Formicola was convicted, on his plea of guilty, in United States District Court, Robert E. DeMascio, J., of two counts of endeavoring to influence, intimidate, and impede witnesses in a pending criminal prosecution, and two counts of obstructing criminal investigations. The Federal charges arose from a meeting between the defendant and an undercover State Police officer in which the defendant arranged to have the undercover officer kill four witnesses who were scheduled to testify against the defendant in a Federal prosecution for food stamp fraud. While the Federal charges of obstruction of justice were pending, the Oakland County Prosecutor charged the defendant with four counts of inducing another to murder on the same facts. The defendant moved for dismissal of the state charges on the ground that they placed him in double jeopardy after his plea of guilty to the Federal charges. The motion was denied by the Oakland Circuit Court, William John Beer, J. The Court of Appeals, R. M. Maher, P.J., and Bashara and N. J. Kaufman, JJ., denied leave to appeal (Docket No. 77-4634). Defendant appeals. *Held:*

1. The Double Jeopardy Clause of the United States Constitution does not bar state prosecution after Federal prosecution for offenses arising out of the same criminal act. However, the Double Jeopardy Clause of the Michigan Constitution prohibits a second prosecution for an offense arising out of the same criminal act unless it appears from the record that the interests of the State of Michigan and the jurisdiction which initially prosecuted the defendant are substantially different.

2. In this case, the interests being protected by the State of Michigan are substantially different from the interests of the Federal government. First, the maximum penalties for the

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 192.
[2] 21 Am Jur 2d, Criminal Law § 191.
[4] 4 Am Jur 2d, Appeal and Error § 182. 5 Am Jur 2d, Appeal and Error § 760 *et seq.*

Federal obstruction laws, five years imprisonment, a $5,000 fine, or both, are relatively minor in contrast to the maximum penalty for inducing murder, life imprisonment. This great disparity indicates that the state's interests in prosecuting the defendant were not satisfied by his Federal convictions of obstruction of justice.

3. The state and Federal laws in this case contain substantive, and not merely jurisdictional, differences. Clearly, they differ as to the type of conduct prohibited, the interests sought to be protected, and the proofs required to establish the offense. The Federal statutes on obstruction of justice are designed to prevent acts or attempts intended to impede the Federal judicial system; they are designed to protect a limited group of people, certain participants in the judicial system. The state inducement statute, on the other hand, is designed to prevent persons from inciting, inducing, or exhorting another to commit certain crimes; the statute is intended to protect all citizens, not just those affiliated with the judicial system. Furthermore, the Federal law requires proof establishing a relationship between the actions of the defendant and a judicial proceeding. The state statute requires only a showing that a defendant sought to incite, induce, or exhort to commission of one of the specified offenses. The interests sought to be protected by the Federal statutes on obstruction of justice are so substantially different from those sought to be protected by the state inducement statute, as to permit the pending state prosecution.

4. The present case does not properly raise the issue whether the Legislature intended that the crime of inducing another to commit murder be punishable by mandatory life imprisonment and, if so, whether such punishment is constitutional. This case is before the Court on an interlocutory appeal from the trial court's denial of the defendant's pretrial motion for dismissal of the charges. The defendant has not yet been tried on the charge which could result in the imposition of a mandatory life sentence. The sentencing issue is abstract and hypothetical, and cannot properly be decided on the present record. With respect to this issue leave to appeal was improvidently granted.

The order of the Oakland Circuit court is affirmed, and the case is remanded to that court for further proceedings.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION — SUCCESSIVE PROSECUTIONS.

The Double Jeopardy Clause of the United States Constitution does not bar state prosecution after Federal prosecution for offenses arising out of the same criminal act (US Const, Am V).

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION
   — SUCCESSIVE PROSECUTIONS.

   The Constitution of this state prohibits a second prosecution for
   an offense arising out of the same criminal act unless it
   appears from the record that the interests of the State of
   Michigan and the jurisdiction which initially prosecuted are
   substantially different (Const 1963, art 1, § 15).

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION
   — SUCCESSIVE PROSECUTIONS.

   Successive prosecutions for obstruction of justice under Federal
   law, and inducing murder under state law, arising out of the
   same criminal act do not violate the guarantee against double
   jeopardy in the Michigan Constitution because the Federal and
   state laws seek to protect substantially different interests; the
   great disparity between maximum penalties, and the difference
   in conduct prohibited, the interests sought to be protected, and
   the proofs required to establish the offense show that the
   state's interests in prosecuting a defendant for inducing the
   murder of witnesses against him in a Federal prosecution were
   not satisfied by his conviction of Federal charges of obstruction
   of justice on the same facts (Const 1963, art 1, § 15; 18 USC
   1503; 18 USC 1510[a]; MCL 750.157b; MSA 28.354[2]).

4. CRIMINAL LAW — SENTENCING — APPEAL AND ERROR — INTERLOC-
   UTORY APPEAL.

   An issue of the construction and constitutionality of a statutory
   sentencing provision cannot properly be decided on an interloc-
   utory appeal from the trial court's denial of the defendant's
   pretrial motion for dismissal of the charges; the defendant has
   not yet been tried on the charge which could result in the
   imposition of the sentence, and the issue is abstract and hypo-
   thetical.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lawrence J. Bunting,* Assistant Prosecuting Attorney, for the people.

*Peter L. Conway, III,* and *Andrea Ferrara* for defendant.

BLAIR MOODY, JR., J. On September 13, 1976, a complaint charging the defendant, Anthony Formicola, with obstruction of justice was filed in the United States District Court for the Eastern District of Michigan. This complaint was superseded by a four-count indictment issued on September 23, 1976. A Federal grand jury indicted defendant on two counts of endeavoring to influence, intimidate, and impede witnesses in a pending Federal criminal prosecution, in violation of 18 USC 1503, and two counts of obstruction of criminal investigations, in violation of 18 USC 1510(a). Defendant pled guilty to all four counts, and on February 7, 1977, the Honorable Robert E. DeMascio sentenced him to 10 years in prison at the Federal correctional facility in Leavenworth, Kansas.

Prior to the defendant's plea of guilty to the Federal charges, the Oakland County Prosecutor issued a complaint and warrant charging the defendant with four counts of inducing another to commit the crime of murder, contrary to MCL 750.157b; MSA 28.354(2). Defendant was bound over to the Oakland Circuit Court on these charged offenses following a preliminary examination in the 43rd District Court.

Defendant brought a motion to dismiss the state charges, contending that they were barred on double jeopardy grounds due to the prior plea-based Federal obstruction of justice convictions. The motion to dismiss was denied by the Oakland Circuit Court on September 6, 1977. The Court of Appeals denied defendant's application for leave to appeal.

Both the Federal and the state charges arise out of the same factual setting, a meeting with an undercover State Police officer. At this meeting, defendant allegedly arranged to have the under-

cover State Police officer kill four persons who were witnesses scheduled to testify against the defendant in a pending Federal food-stamp fraud prosecution.

We granted leave to appeal to address two questions. 402 Mich 884 (1978). The first question presented is whether under the guidelines set forth in *People v Cooper*, 398 Mich 450; 247 NW2d 866 (1976), defendant will be twice placed in jeopardy by the instant state prosecution in light of his prior Federal court convictions arising out of the same criminal act. The second question to be addressed is whether the Legislature intended that the crime of inducing another to commit the crime of murder, prosecuted under MCL 750.157b; MSA 28.354(2), be punishable by mandatory life imprisonment and, if this was the intent, whether such punishment is constitutional.

We find that defendant will not be twice placed in jeopardy by the instant state prosecution, under the guidelines set forth in *Cooper, supra.* Additionally, we determine that the punishment issue is not properly presented on the present record, and therefore do not reach it.

Accordingly, the order of the Oakland Circuit Court, denying defendant's motion to dismiss, is affirmed.

I

A single criminal act provides the factual basis for the Federal convictions and the instant state charges. Therefore, defendant claims that the latter state charges are barred, on double jeopardy grounds, by his plea-based convictions.

*People v Cooper*, 398 Mich 450; 247 NW2d 866 (1976), is the leading Michigan case dealing with

the constitutionality of state prosecutions subsequent to Federal prosecutions for offenses arising out of the same act. The *Cooper* Court noted that the double jeopardy provision of the Fifth Amendment to the United States Constitution, US Const, Am V, does not bar state prosecution after Federal prosecution for offenses arising out of the same criminal act. However, the Court found a prohibition, within the state's constitutional provision, of most subsequent state prosecutions:

"Const 1963, art 1, § 15 prohibits a second prosecution for an offense arising out of the same criminal act unless it appears from the record that the interests of the State of Michigan and the jurisdiction which initially prosecuted are substantially different." *Cooper, supra,* 461.

In determining whether a Federal prosecution satisfies the state's interest, the following nonexclusive factors may be considered:

1. Whether the maximum penalties of the two jurisdictions' statutes are greatly disparate;

2. Whether some reason exists why one jurisdiction cannot be entrusted to vindicate fully another jurisdiction's interest in securing a conviction; and

3. Whether differences in the statutes are substantive, as well as jurisdictional. *Cooper, supra,* 461.

Examination of the first and third enumerated factors in the context of the instant case leads us to conclude that the interests being protected by the State of Michigan are substantially different from the interests of the Federal government.

First, the maximum penalties of the Federal and state statutes are substantially different. The Federal obstruction of justice statutes, 18 USC 1503 and 18 USC 1510(a), provide maximum penalty

provisions of five years imprisonment, a $5,000 fine, or both. These relatively minor Federal penalty provisions are contrasted with the state statute in question which provides a potential maximum penalty of life imprisonment. This great disparity between maximum penalties indicates that the state's interests in prosecuting defendant were not satisfied by the Federal plea-based obstruction of justice convictions.

Furthermore, the state and Federal statutes contain substantive, and not merely jurisdictional, differences. Defendant pled guilty of violating the following Federal obstruction of justice statutes:

"Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States [magistrate] or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any the United States [magistrate] or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, [magistrate], or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, [magistrate], or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both." 18 USC 1503.

"Whoever willfully endeavors by means of bribery, misrepresentation, intimidation, or force or threats thereof to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator; or

"Whoever injures any person in his person or property on account of the giving by such person or by any other person of any such information to any criminal investigator—

"Shall be fined not more than $5,000, or imprisoned not more than five years, or both." 18 USC 1510(a).

These Federal statutes are easily differentiated from the state statute under which the defendant is charged. MCL 750.157b; MSA 28.354(2), provides:

"Any person who incites, induces or exhorts any other person to unlawfully burn any property, to murder, to kill, to wound or to commit an aggravated or felonious assault on any person or to do any act which would constitute a felony or circuit court misdemeanor, that may endanger or be likely to endanger the life of any person, or who aids and abets in any such inciting, inducing or exhorting shall be punished in the same manner as if he had committed the offense, incited, induced or exhorted."

Clearly, the Federal and state statutes differ as to the type of conduct prohibited, as to the interests sought to be protected, and as to the proofs required to establish the prohibited offense. The Federal statutes are designed to prevent acts or attempts intended to impede the Federal judicial system; they are designed to protect a limited group of people, participants in the judicial system such as jurors, witnesses and court officers. The state statute, on the other hand, is designed to prevent individuals from inducing, inciting or ex-

horting another to commit certain crimes; the statute is intended to protect all citizens, not just those affiliated with the judicial system. Furthermore, as to elements of proof necessary to establish the offense, the Federal statute requires establishing a relationship between the actions of the defendant and a judicial proceeding. The state statute requires only a showing that a defendant sought to induce, incite or exhort to commission of one of the specified offenses.

Accordingly, we conclude that the interests sought to be protected by the Federal obstruction of justice statutes are so substantially different from those sought to be protected by the state solicitation statute as to permit the pending state prosecution.

II

The present case does not properly raise the issue of whether the Legislature intended the crime of inducing another to commit murder be punishable by mandatory life imprisonment and, if so, whether such punishment is constitutional.

In the context of this case, the punishment provision of the statute could only operate to impose a mandatory life sentence if the defendant was convicted of inciting, inducing, or exhorting another to commit statutory first-degree murder. MCL 750.316; MSA 28.548.

This case has reached this Court on the defendant's pretrial, interlocutory appeal from the trial judge's denial of defendant's motion to dismiss. The defendant has not yet been tried, much less convicted and sentenced, on the charge which could ultimately result in the imposition of a mandatory life sentence. Accordingly, the second

issue framed in our order granting leave is abstract and hypothetical, and cannot properly be decided by this Court on the present record.

Because the punishment issue is not properly presented by the record now before us, leave was improvidently granted. GCR 1963, 865.1(7).

The order of the Oakland Circuit Court denying defendant's motion to dismiss is affirmed, and the case is remanded to that court for further proceedings.

Coleman, C.J., and Kavanagh, Williams, Levin, Fitzgerald, and Ryan, JJ., concurred with Blair Moody, Jr., J.