PEOPLE v WATT

Docket No. 162377. Submitted January 12, 1995, at Grand Rapids. Decided April 21, 1995, at 9:55 A.M.

Ronald D. Watt pleaded guilty in the Kent Circuit Court, Robert A. Benson, J., of attempted forgery. The defendant had escaped from the Kent County Jail while awaiting sentencing for a conviction in federal court by assuming the identity of a cellmate and forging the cellmate's signature on a state bail bond. Before pleading guilty of attempted forgery, the defendant had pleaded guilty of escape in federal district court. The defendant appealed the conviction of attempted forgery, claiming that prosecution in state court was barred by the Double Jeopardy Clause of the state constitution.

The Court of Appeals *held:*

The defendant's state court conviction of attempted forgery following the federal court conviction of escape does not violate the double jeopardy prohibition of the state constitution. The dual-sovereignty doctrine, as qualified by *People v Cooper,* 398 Mich 450 (1976), allows successive prosecutions by the federal and state governments for the same act where the state's interests in securing a conviction are substantially different from those of the federal government. Here, the state's interests in securing a forgery conviction are substantially different from the federal government's interests in obtaining an escape conviction.

Affirmed.

CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SINGLE TRANSACTION — FEDERAL AND STATE PROSECUTIONS.

The prosecution of a defendant in state court following the defendant's conviction in federal court on charges arising out of the same criminal act does not violate the double jeopardy prohibition of the state constitution where the interests of the state are substantially different from those of the federal

REFERENCES

Am Jur 2d, Criminal Law §§ 281, 282.

Conviction or acquittal in federal court as bar to prosecution in state court for state offense based on same facts—modern view. 6 ALR4th 802.

government; the question whether there is a substantial difference between the interests of the state and the federal government involves consideration of whether the maximum penalties under the state statute and the federal statute are greatly disparate, whether the federal government cannot be entrusted to vindicate the state's interests, and whether there are substantive rather than merely jurisdictional differences between the state statute and the federal statute (Const 1963, art 1, § 15).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Cynthia G. Carowitz,* for the defendant on appeal.

Before: MACKENZIE, P.J., and GRIFFIN and NEFF, JJ.

PER CURIAM. Defendant originally was charged with jail escape, MCL 750.197(2); MSA 28.394(2), and forgery, MCL 750.248; MSA 28.445. The escape charge was subsequently dismissed, and defendant pleaded guilty of attempted forgery, MCL 750.92; MSA 28.287. He was sentenced to 2½ to 5 years' imprisonment and now appeals as of right. We affirm.

The underlying facts are undisputed. Defendant escaped from the Kent County Jail, where he was housed awaiting sentencing on a federal bank robbery conviction. Defendant accomplished the escape by assuming the identity of his cellmate, who was then about to be released on bond, and forging a signature on the cellmate's state bail-bond form. He pleaded guilty of federal escape charges, 18 USC 751(a), and on July 17, 1992, was sentenced in federal district court to fifty months' incarceration. On July 27, 1992, defendant was

charged with escape and forgery under Michigan law. The trial court granted defendant's motion to dismiss the Michigan escape charge on the ground of double jeopardy, but declined to dismiss the Michigan forgery charge. The parties agree that the federal government could not have brought forgery charges, apparently because a state bail bond was involved.

The sole issue on appeal is whether defendant's Michigan forgery conviction was barred by the Double Jeopardy Clause of the Michigan Constitution, Const 1963, art 1, § 15, or was permissible under the dual-sovereignty doctrine. That doctrine, as originally set forth in *Abbate v United States,* 359 US 187; 79 S Ct 666; 3 L Ed 2d 729 (1959), and *Bartkus v Illinois,* 359 US 121; 79 S Ct 676; 3 L Ed 2d 684 (1959), allows successive prosecutions by the state and federal governments for the same act. The parties agree that the controlling guidelines for resolving the question were established by our Supreme Court in *People v Cooper,* 398 Mich 450; 247 NW2d 866 (1976). *Cooper* was explained by the Court in *People v Gay,* 407 Mich 681, 693-695; 289 NW2d 651 (1980):

> This Court broke with Federal precedent and held in *People v Cooper* that limitations did exist under the Michigan Constitution upon the state's ability to prosecute a defendant in a state court following a conviction in Federal court for crimes arising out of the same acts. 389 Mich 457, 460-461. We recognized in *Cooper* that state criminal justice systems must retain their strength and independence. This principle of dual sovereignty has long maintained ascendance in the American system of justice. . . .
>
> However, we found that emerging Federal trends in recent years and the dictates of our own Constitution required us to impose limits on what dual sovereignty would permit. We held that

where a criminal act involves the legitimate interests of both the state and Federal governments and the Federal criminal prosecution cannot adequately represent the state's independent interests, then the state in those rare instances is justified in protecting its interest by prosecuting the defendant, even after conviction or acquittal in Federal court. 398 Mich 459-460. Dual prosecution of these differing interests violates neither the Federal nor Michigan Constitution. . . .

On the other hand, this Court also recognized the fundamental need to safeguard defendants' constitutional rights. We therefore prohibited dual prosecution where the interests of the state are not "substantially different." *People v Cooper, supra,* 461. . . .

* * *

*Cooper* represents a strong and uncompromising statement by this Court that a defendant's right not to be twice tried in Federal and State court for the same criminal act will be jealously guarded except in extreme cases where Federal laws are framed to protect substantially different social interests. 398 Mich 459. *Cooper* makes clear that as a firm rule dual prosecution ordinarily will not be tolerated in Michigan. It is only in the rare instance where the social interests of the state are not addressed in substance by the Federal statute that a second prosecution will be allowed.

To assist courts in determining whether a former federal prosecution satisfies the state's interest, the *Cooper* Court suggested three guidelines: (1) whether the maximum penalties of the two jurisdictions' statutes are greatly disparate, (2) whether some reason exists why one jurisdiction cannot be entrusted to vindicate fully the other jurisdiction's interests in securing a conviction, and (3) whether the differences in the statutes are substantive, as well as jurisdictional. 398 Mich 461. See also *People v Formicola,* 407 Mich 293,

298; 284 NW2d 334 (1979); *People v Morillo,* 90 Mich App 655, 660-665; 282 NW2d 434 (1979); *People v Tyler,* 100 Mich App 782, 788-790; 300 NW2d 411 (1980); *People v Bero,* 168 Mich App 545, 558-559; 425 NW2d 138 (1988); *People v Mezy,* 208 Mich App 545; 528 NW2d 783 (1995).

Examination of the second and third factors in the context of this case leads to the conclusion that the interests being protected by the State of Michigan in securing defendant's forgery conviction are substantially different from the federal government's interests in obtaining his escape conviction. In this regard, it is useful to compare the state and federal statutes at issue. See *Formicola, supra,* pp 299-300. The federal escape statute, 18 USC 751(a), provides in relevant part:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General . . . shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both . . . .

The Michigan forgery statute, MCL 750.248; MSA 28.445, provides:

> Any person who shall falsely make, alter, forge, or counterfeit any . . . bond . . . with intent to injure or defraud any person, shall be guilty of a felony, punishable by imprisonment for not more that 14 years.

Clearly, these statutes are substantively different. The escape statute is designed to protect the federal government's interest in preventing in-

mates from absenting themselves from custody without permission. The forgery statute, on the other hand, addresses the state's interest in preventing any person from defrauding another by means of a false instrument.

Moreover, defendant's federal escape conviction does not vindicate the state's interest in securing a forgery conviction. Under the federal escape statute, the means used to accomplish the escape—here, forgery—are wholly immaterial. The escape conviction thus does not protect the state's interest in preventing fraudulent instruments. Further, this is not a case where the federal government could have taken steps to protect the state's interest but failed to do so; federal prosecution for forgery of the state bond was impossible.

Because the federal and state interests at issue in this case are "substantially different," *Cooper, supra,* Const 1963, art 1, § 15 does not prohibit defendant's Michigan prosecution for forgery after his federal prosecution for escape. Instead, under the dual-sovereignty doctrine, as qualified by *Cooper,* defendant's state court prosecution was permitted.

Affirmed.