PEOPLE v AVILA (ON REMAND)

Docket No. 204993. Submitted November 19, 1997, at Lansing. Decided April 10, 1998, at 9:20 A.M. Leave to appeal denied, 459 Mich ___.

Pablo Avila was charged in the Detroit Recorder's Court with possession with intent to deliver more than 650 grams of cocaine. Previously, he had been charged in federal district court with conspiracy to distribute or to possess with intent to distribute cocaine. After pleading guilty in the federal court, Avila moved in the Detroit Recorder's Court for the dismissal of the state charge, arguing that the federal conviction was based on the possession of the same ten kilograms of cocaine on which the state charge was based and that state prosecution was barred by the Double Jeopardy Clause of the Michigan Constitution. The Recorder's Court, Jeffrey G. Collins, J., granted the motion. The Court of Appeals, in an unpublished order entered November 12, 1996 (Docket No. 184219), affirmed. The Supreme Court, in lieu of granting leave, vacated the judgment of the Court of Appeals and remanded the matter to the Court of Appeals for plenary consideration. 445 Mich 863 (1997).

On remand, the Court of Appeals *held*:

1. The issue of constitutional double jeopardy need not be decided in light of the applicability of MCL 333.7409; MSA 14.15(7409), which bars a controlled substances prosecution in Michigan for the same act for which a defendant has already been acquitted or convicted under the controlled substances laws of the United States or another state.

2. The defendant did not waive the application of § 7409 when he pleaded guilty in federal court.

Affirmed.

WHITE, J., concurring, agreed with the result reached by the majority because the prosecution has not challenged that the same act underlies the federal conviction and the state charge and has not addressed the applicability of § 7409. Alternatively, the matter would need to be remanded for further argument and consideration in light of *People v Mezy*, 453 Mich 269 (1996).

CONTROLLED SUBSTANCES — STATUTORY DOUBLE JEOPARDY.

A prosecution under the controlled substances laws of Michigan is barred by statute if the act sought to be prosecuted has already

been the basis for an acquittal or conviction under the controlled substances laws of the United States or another state; a guilty plea in federal court or in another state's court does not waive the application of such statutory protection against double jeopardy (MCL 333.7409; MSA 14.15[7409]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for the people.

*Fried, Saperstein & Kriger, P.C.* (by *Mark J. Kriger*), and *Cornelius Pitts*, for the defendant.

ON REMAND

Before: HOOD, P.J., and McDONALD and WHITE, JJ.

McDONALD, J. The prosecution appeals as of right an order dismissing the charge of possession with intent to deliver 650 grams or more of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i), against defendant. This Court previously affirmed the trial court's dismissal of the charge in an unpublished order.[1] The Michigan Supreme Court vacated this Court's judgment and remanded for plenary consideration. 455 Mich 863 (1997). We again affirm.

The facts are not disputed. In March 1994, a search of defendant's residence revealed approximately ten kilograms of cocaine. Following the search, defendant was charged in federal court with conspiracy to distribute or to possess with intent to distribute cocaine, 21 USC 841(a)(1), 846.[2] In June 1994, the Wayne

---

[1] *People v Avila*, unpublished order of the Court of Appeals, entered November 12, 1996 (Docket No. 184219).

[2] 21 USC 841(a)(1) provides, in relevant part:

County prosecutor's office charged defendant with possession with intent to deliver more than 650 grams of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). The Wayne County charge was based on the same ten kilograms of cocaine as the federal charges. On February 1, 1995, defendant pleaded guilty to the federal charge in the United States District Court for the Eastern District of Michigan. He then filed a motion to dismiss the state charge on double jeopardy grounds in the Detroit Recorder's Court. The trial court found the prosecution was barred by the Double Jeopardy Clause[3] of the Michigan Constitution.

The prosecutor argues the trial court erred in finding that the Double Jeopardy Clause barred prosecution in this case. The Double Jeopardy Clause of the Michigan Constitution prohibits successive state and federal prosecutions arising out of the same criminal act except where the state and federal interests in prosecuting the defendant are "substantially different."[4] *People v Cooper*, 398 Mich 450, 461; 247 NW2d

---

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to . . . distribute . . . or possess with intent to . . . distribute . . . a controlled substance[.]

21 USC 846 provides:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

[3] Const 1963, art 1, § 15.

[4] Successive prosecutions by the state and federal governments for the same act do not violate the Double Jeopardy Clause of the Fifth Amendment pursuant to the dual-sovereignty doctrine. *Abbate v United States*, 359 US 187; 79 S Ct 666; 3 L Ed 2d 729 (1959); *Bartkus v Illinois*, 359 US 121; 79 S Ct 676; 3 L Ed 2d 684 (1959).

866 (1976); *People v Watt*, 210 Mich App 92, 94-95; 533 NW2d 325 (1995), citing *People v Gay*, 407 Mich 681, 693-695; 289 NW2d 651 (1980). To determine whether the state and federal interests are "substantially different" in a particular case, the following factors are considered: (1) whether the maximum penalties of the statutes involved are greatly disparate, (2) whether some reason exists why one jurisdiction cannot be entrusted to vindicate fully another jurisdiction's interests in securing a conviction, and (3) whether the differences in the statutes are merely jurisdictional or are more substantive. *Cooper, supra* at 461; *Watt, supra* at 95.

In this case, the prosecution concedes that the maximum penalties of the federal and state statutes are similar and that the federal authorities could fully vindicate Michigan's interests in securing a conviction. However, the prosecution argues that because the state crime for which defendant was charged, possession with intent to deliver cocaine, is distinct from the federal offense to which defendant pleaded guilty, the inchoate crime of conspiracy, the crimes are substantively different. Accordingly, the prosecution concludes that the subsequent state prosecution does not violate Michigan's Double Jeopardy Clause.

However, we need not decide the constitutional double jeopardy issue because we find MCL 333.7409; MSA 14.15(7409) controls. MCL 333.7409; MSA 14.15(7409) applies only to controlled substances crimes and provides:

If a violation of this article is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state.

The Michigan Supreme Court has recently explained that the Legislature did not merely codify *Cooper*, *supra*, when it passed § 7409. The statute operates as a complete bar to successive prosecutions based on the same act, where *Cooper* allows successive prosecution in those cases where the state's interest is "substantially different" than that of the jurisdiction where the initial prosecution took place. *People v Mezy*, 453 Mich 269, 282-284 (WEAVER, J.), 286 (BRICKLEY, C.J.), 289 (LEVIN, J.); 551 NW2d 389 (1996). A defendant bears the burden of proving that prosecution is precluded pursuant to statutory double jeopardy, § 7409. *Id.* at 283.

In this case, there is no question that the state charge arose out of the same acts as those that formed the basis of the federal conviction, defendant's acts of possessing the ten kilograms of cocaine at his residence and breaking it up for eventual sale. Although the prosecution correctly states that a conspiracy charge does not constitute the same offense as a possession charge, *id.* at 276, this is not relevant to whether § 7409 is implicated. As we have already discussed, § 7409 bars all successive prosecutions based on the same criminal act. Accordingly, § 7409 precludes prosecution in this case, and dismissal of the charges was proper.

The prosecution also argues defendant's double jeopardy challenge is waived because he pleaded guilty to the federal charge knowing the Wayne County charge was pending, relying on *Wayne Co Prosecutor v Recorder's Court Judge*, 92 Mich App 433, 442; 285 NW2d 318 (1979). However, the exception advocated by the prosecution does not apply to

the statutory provision at issue here.[5] Section 7409 does not set forth any exceptions. Instead, it precludes prosecution whenever a charge arises out of the same acts that were the subject of a previous prosecution in either federal court or another state's court. Accordingly, defendant's guilty plea does not waive application of § 7409 to bar prosecution in the present case.

Affirmed.

HOOD, P.J., concurred.

WHITE, J. (*concurring*). I concur in the result on the basis that the prosecution has not challenged that the "same act" is the basis of both the federal conviction and the state charge[1] and has not addressed the applicability of MCL 333.7409; MSA 14.15(7409).[2]

---

[5] We specifically decline to address whether defendant's guilty plea would have waived his double jeopardy challenge if this case were not controlled by § 7409.

[1] At the trial level, defendant's motion sought dismissal on constitutional double jeopardy grounds and based on MCL 333.7409; MSA 14.15(7409). The prosecution responded to the double jeopardy argument on the merits, asserting that successive prosecutions by dual sovereigns for the *same act* do not violate the Double Jeopardy Clause and addressing the factors enunciated in *People v Cooper*, 398 Mich 450; 247 NW2d 866 (1976).

During argument on the motion, defense counsel asserted that the prosecutor did not contest that the same act was involved. The prosecutor did not disagree and responded by emphasizing the points made in her brief—that the federal government had not vindicated Michigan's interests in the instant case, that conspiracy and the underlying offense are two distinct crimes, and that in Michigan a defendant can be convicted of both. In rendering its decision, the court stated "[a]nd I think the people have conceded that it arises out of the same criminal act." The prosecution did not take issue with that statement at the trial level and does not challenge it on appeal.

[2] Although defendant asserted the applicability of the statute in his motion to dismiss in the trial court and argued the statute affords greater protection than the Double Jeopardy Clause, the prosecution did not

Alternatively, I would join in a remand for further argument and consideration in light of the Supreme Court's decision in *People v Mezy*, 453 Mich 269; 551 NW2d 389 (1996).

---

address the statute as an independent ground for dismissal. The prosecution stated:

> First, I would just argue that statute 333.7409 has been determined as simply a codification in the Public Health Code of the double jeopardy portion of the Constitution. I would argue that it provides no greater or no lesser protections with regard to drug cases than the Constitution provides in any other case. I believe the legislature simply codified that section in the drug laws when it created the mandatory penalty sections just to be making sure that and reasserting the fact that double jeopardy protections apply to violations of the Public Health Code in this case.

Similarly, the prosecution's only references to the statute in its brief on appeal are a statement that the Legislature codified double jeopardy principles in the statute and a statement in a footnote referring to the Court of Appeals' decision in *People v Mezy*, 208 Mich App 545; 528 NW2d 783 (1995), pointing out that conspiracy and the underlying offense are separately punishable offenses.

Although defendant has always asserted the statute as a separate basis for dismissal, and the Supreme Court held in *Mezy*, 453 Mich 269, 282 (WEAVER, J.), 289 (LEVIN, J.); 551 NW2d 389 (1996), that the statute is not simply a codification of *Cooper* and is a complete bar to dual prosecution, the prosecution failed to file a supplemental brief in this Court addressing the application of the statute or the Supreme Court's decision in *Mezy*, either before this Court's initial decision, or after remand for plenary consideration and argument. Further, the prosecutor waived oral argument on remand to this Court.