**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 16, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                        No. 122183

TIMOTHY P. ZUBKE,

    Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

MARKMAN, J.

We granted leave to appeal to consider whether, within the meaning of MCL 333.7409, defendant's act that gave rise to a federal conviction of conspiracy to possess with intent to distribute a controlled substance was the "same act" that subsequently gave rise to the state charge of possession with

intent to deliver a controlled substance (PWID).[1]  The circuit court dismissed all state charges against defendant, concluding that the state was barred under § 7409 because defendant had already been convicted under federal law for the "same act."  The Court of Appeals affirmed.  We reverse the judgment of the Court of Appeals because we conclude that, for purposes of § 7409, defendant's act that gave rise to his federal drug-conspiracy conviction was not the "same act" that gave rise to the state PWID charge.  Accordingly, we remand this case to the circuit court for trial on all charges.

## I. BACKGROUND

On August 10, 2000, federal authorities indicted defendant on multiple counts of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and more than 5 kilograms of cocaine, in violation of 21 USC 841 and 21 USC 846.  The indictment alleged a conspiracy commencing in January 1993 and continuing through August 10, 2000.  In January 2001, defendant pleaded guilty to a single count of conspiracy to possess with intent to distribute cocaine.  He was sentenced on May 14, 2001.

In the meantime, on July 7, 2000, state authorities filed the instant charges against defendant.  The complaint alleged

---

[1] Section 7409 also bars state prosecution when defendant has been acquitted under federal law or has been acquitted or convicted under the laws of another state for the same act.

that on July 6, 2000, defendant possessed with intent to deliver more than 225 grams, but less than 650 grams, of cocaine, in violation of MCL 333.7401, and that he possessed a firearm during the commission of this felony, in violation of MCL 750.227b. Defendant was bound over for trial on September 15, 2000, and on February 26, 2001, he filed a motion to dismiss the state charges. MCL 333.7409 generally precludes state prosecutions if the same act has been the predicate for a federal prosecution. Pursuant to § 7409, defendant contended that he could not be prosecuted by the state for PWID because he had already been convicted under federal law for the "same act." His claim was that he fell within the protections of § 7409 because the federal drug-conspiracy conviction involved the same period in which the PWID allegedly occurred. On March 23, 2001, the circuit court granted defendant's motion and dismissed all state charges against him, finding that the state prosecution was barred by § 7409.

The prosecutor appealed by right, and on July 30, 2002, the Court of Appeals, in an unpublished opinion, affirmed.[2] This Court granted the prosecutor's application for leave to

---

[2] Unpublished opinion per curiam, issued July 30, 2002 (Docket No. 234130).

appeal.[3]

## II. Standard of Review

We review de novo a trial court's decision that involves statutory interpretation.  *People v Thousand*, 465 Mich 149, 156; 631 NW2d 694 (2001).

## III. Analysis

MCL 333.7409 provides:

> If a violation of this article [the controlled-substances act] is a violation of federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the *same act* is a bar to prosecution in this state. [Emphasis added.]

We must determine whether, for purposes of § 7409, defendant's act that gave rise to the federal drug-conspiracy conviction was the "same act" that gave rise to the state PWID charge.

An "act" is defined as, "[a] thing done; a deed." *The New Shorter Oxford English Dictionary*.  Thus, a court, for purposes of § 7409, must determine whether defendant's "thing done," or "deed," that gave rise to his federal conviction constitutes the same "thing done" or "deed" that gave rise to the state charge.[4]  If it does not, then § 7409 does not operate to bar the state prosecution.

---

[3] 467 Mich 921 (2002).

[4] In making this determination, the circuit court must examine the underlying facts and circumstances of each individual case.

4

Applying this rule to this case, we conclude that the state charge did not violate the "same act" prohibition of § 7409. The "thing done" or "deed" that gave rise to the federal conspiracy conviction was the entering into an agreement to possess cocaine, whereas the "thing done" or "deed" that gave rise to the state PWID charge was defendant's actual physical possession or control of the cocaine. Thus, because the act giving rise to each charge was different, such acts were not, for purposes of § 7409, the "same act."

In affirming the circuit court's decision to dismiss the charges against defendant, the Court of Appeals relied on its decision in *People v Aliva (On Remand)*, 229 Mich App 247, 250-251; 582 NW2d 838 (1998), in which the Court affirmed a decision of a trial court to dismiss a charge, concluding that under § 7409 such a charge arose out of the "same acts" as those that formed the basis of the federal conviction. There, as here, defendant pleaded guilty to a federal drug-conspiracy charge and then moved to have the state PWID charge dismissed. The trial court agreed with defendant and dismissed the state charges. On appeal, the Court of Appeals held that, although the federal conspiracy conviction did not constitute the "same offense" as the state PWID charge, the state PWID charge "arose out of the same acts as those that formed the basis of the federal drug conviction," and thus the state prosecution was

5

barred by § 7409.  *Id*. at 251.

For the same reasons we find that the Court of Appeals erred in this case, we find that the *Avila* Court erred.  As in this case, the act or conduct that gave rise to Avila's federal drug-conspiracy conviction was his entering into an agreement to possess drugs, whereas the act or conduct that gave rise to Avila's state PWID charge was his physical possession or control of the drugs.  Thus, because the act or conduct giving rise to each charge was different, such acts or conduct were not, for purposes of § 7409, the "same act."

Section 7409 bars the state from prosecuting a defendant where he has already been prosecuted under federal law for the "same act," not for the "same offense."  Therefore, it is a defendant's actions that must be compared, not the elements of the crimes.[5]

In sum, § 7409 bars the state from prosecuting a defendant where that defendant has already been convicted under federal law for the "same act." Accordingly, if the act that gave rise to the federal conviction is the "same act" that gave rise to the state charge, i.e., the same "thing done" or "deed," the state prosecution is barred.  However, if the act that gave rise to the federal conviction is not the

---

[5] Here, the act of possessing is not subsumed within the act of conspiring, nor is the act of conspiring subsumed within the act of possessing.

"same act" that gave rise to the state charge, the state prosecution is not barred.

### IV. CONCLUSION

For purposes of § 7409, defendant's act that gave rise to his federal drug-conspiracy conviction was not the "same act" that gave rise to the state PWID charge. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the trial court for trial on all state charges.

> Stephen J. Markman
> Maura D. Corrigan
> Elizabeth A. Weaver
> Clifford W. Taylor
> Robert P. Young, Jr.

CAVANAGH, J.

I concur in the result only.

> Michael F. Cavanagh

7

# S T A T E   O F   M I C H I G A N

## SUPREME COURT


PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                   No. 122183

TIMOTHY P. ZUBKE,

    Defendant-Appellee.

_____

KELLY, J. (*dissenting*).

I respectfully dissent and would hold that MCL 333.7409 bars the state prosecution in this case because the same criminal act "gave rise" to both the federal and the state charges. Therefore, I would affirm the decision of the Court of Appeals.

I do not dispute the majority's contention that the only necessary element of the federal conspiracy charge is an agreement to possess cocaine. However, the elements of the crime are not at issue here; the majority stresses that the

question is whether "defendant's *act that gave rise* to the federal drug-conspiracy conviction was the 'same act' that gave rise to the state PWID charge."[1]  *Ante* at 4.  It is my conclusion that the act that gave rise to the PWID charge was part of the basis for the federal conspiracy conviction.

By the majority's own terminology, the question is not whether the act is necessary for the federal conviction, but whether it "gave rise" to the federal conviction.  "In making this determination, the circuit court must examine the underlying facts and circumstances of each individual case."  *Ante* at 4 n 4.  In the words of the majority:

> Applying this rule to this case, we conclude that the state charge did not violate § 7409's "same act" prohibition.  The "thing done" or "deed" that gave rise to the federal conspiracy conviction was the entering into an agreement to possess cocaine, whereas the "thing done" or "deed" that gave rise to the state PWID charge was defendant's actual physical possession or control of the cocaine.  Thus, because the act giving rise to each charge was different, such acts were not, for purposes of § 7409, the "same act."  [*Ante* at 5.]

The "underlying facts and circumstances" here do not support the majority's conclusion.  As the majority noted, the federal indictment charged a conspiracy "commencing in January 1993 and continuing through August 10, 2000."  *Ante* at 2.  The

---

[1]I would note that the prosecution did not propose this analysis.  In fact, the prosecutor relied on the distinction between the elements of the crimes and made no argument at all that involved these particular facts.

incident that formed the basis of the instant charges occurred within that period, on July 6, 2000. In addition, Assistant United States Attorney Ross Parker submitted an affidavit stating that "it was the government's intention to proffer evidence of [this incident] in federal court as part of its case in chief had [defendant] gone to trial."

Therefore, there is ample evidence that the July 6 incident was an integral part of the federal conspiracy case. As the Court of Appeals noted, there is a "general practice of federal prosecutors to prove conspiracies with evidence of overt acts of the underlying substantive crime, even in the absence of an overt act requirement. See [*People v Mass,* 464 Mich 615, 650; 628 NW2d 540 (2001)] (Markman J., concurring)." Unpublished opinion per curiam, issued July 30, 2002 (Docket No. 234130) at 4.

One might question whether the Court of Appeals was correct in concluding that the "state substantive crime [was thus] a functional element of the federal conspiracy crime . . . ." *Id.* However, it is beyond dispute that it was correct in stating that overt acts form a partial basis for the convictions obtained in most federal conspiracy cases. They are used to prove the existence of the conspiracy agreement. If a federal case required proof of a certain act to obtain a conviction, that act "gave rise" to the federal conviction.

3

This is not to say that a federal conspiracy prosecution is an absolute bar to state charges for offenses that bear some relation to the conspiracy. For instance, if the incident at issue here had occurred outside the time frame stated in the federal indictment, there would be no bar. Moreover, if the act were not to be used as evidence in the federal case, there would be no bar.

Here, the Court of Appeals correctly concluded on the basis of the evidence submitted that the same act gave rise to part of both the federal and the state charges:

> [D]efendant explained that the July 6, 2000, incident occurred within the same time frame as the events forming the basis of the federal conspiracy charge, both charges were based on the acts of defendant in purchasing controlled substances in Texas and selling the controlled substances to drug dealers in the Detroit metropolitan area, and the federal government had planned on using the July 6, 2000, incident as part of its case-in-chief against defendant. Defendant submitted with his motion and his brief on appeal an affidavit by the Assistant United States Attorney prosecuting the federal charges, who stated that the government intended to offer, as part of its case-in-chief, evidence of the June-July 2000 criminal acts as overt acts in furtherance of the conspiracy. [Slip op at 3.]

Given the appropriate test, the Court of Appeals engaged in the correct analysis. Specifically, the "underlying facts and circumstances" tend to show that the July 6 incident formed part of the basis for the federal conspiracy conviction. The prosecutor makes no argument in support of a

4

different conclusion, instead focusing on the general elements of each crime, an argument inapposite to the test articulated by the majority.

In this case, the federal prosecutor chose to make the incident at issue part of the factual basis for defendant's conspiracy conviction. The prosecutor might have avoided including it, seeking a conviction based on a simple conspiracy agreement, without any evidence of defendant's acts. But, given the undisputed fact that the July 6 incident was part of the purported conspiracy proofs, I conclude that the incident "gave rise" to the conspiracy conviction. Therefore, I would affirm the decision of the Court of Appeals.

Marilyn Kelly

5